*20 Opinion op the Court,
bit Judge Mills.
THIS is an appeal from a judgment rendered against aPPe^ants und®1, the occupying claimant laws, They first moved to quash the report; but their motion was overruled, and judgment rendered against them.
what kind of titles the parties claim, does not. appear, nor is there any point made, which questions the right of the defendant or tenant to compensation under *21 some law; but the question was raised, as to which of the laws applies to the case, whether that of 1812 or that of 1820. We need not, however, decide this question, as the latter law is since repealed, and especially as there is a previous question made to the validity of the report, which must be held fatal, and when the cause is returned to the court below, the dispute between the two aforesaid laws cannot occur.
The land was settled and improved by a person who entered and held it without title for some time, and then sold his improvements to the present occupant. The successful claimant, before the commissioners, proved that some of the improvements were made in this way, and urged the commissioners to exclude all that were thus made. The commissioners refused to do so, and included these improvements in their assessments. He again urged this point in court; but was overruled, because the occupant had bought-and paid for these improvements.
We cannot perceive the principle on which these improvements were allowed. The improvements made by the occupant, who had reason to suppose the land to be his own, are alone contemplated as forming a matter of assessment, and not those made by the intruder, who knew he had no title, and who must yield to the first appearance of the title-holder. If the successful claimant had found this intruder upon the land, and evicted him, the value of the improvements could not be recovered by him. If the occupant had entered and expelled the intruder, without purchasing his improvements, he could have set up no claim for the improvements of which he had thus possessed himself; and we cannot see how the intruder could transfer and sell to the occupant, a right to payment for improvements, which right he did not possess himself, or how the fact of sale and transfer could convert these improvements into that kind for which the act charges the successful claimant. Upon no principle, therefore,, can these improvements, made by the intruder, be allowed.
It is true, the evidence by which the successful claimant attempted to support this part of his motion, was objected to, and the objection overruled- But we have not thought it necessary to decide upon the objection; for if the evidence objected to is excluded, still the commissioners themselves have reported the fact. *22 and what they state in their report must be evidence against it.
The judgment must, therefore, be reversed and set aside with costs, and the cause be remanded, with directions to the inferior court to quash the report with costs, and for such further proceedings as may be conformable to law.