## THE STATE v. CHARLES MANN.

Where a party moves " to set aside and arrest the judgment, and grant him a new trial," and assigns grounds in support of both, the motion must be treated either as a motion for a new trial, or in arrest of judgment exclusively, and cannot be considered as embracing both.

Where the defendant was indicted for betting " money at a gambling device called rondeau," the Court said : This offence has been so frequently brought under discussion and adjudication in the numerous cases which have been before the Court, that we think we may well hold, that it is matter of judicial cognizance of which we may take notice without averment, that rondo is a gaming table, within the meaning and prohibition of the statute.

I entertain the opinion that every game, devised and played for the purpose of gaming, and not for amusement, or some other innocent purpose, is a "gambling device" within the meaning and intention of the law, (Hart. Dig. Art. 1477,) and as such indictable, by whatever other name or designation it may be characterized.—WHEELER, J.

Appeal from Travis.

*Oldham* and *West*, for appellant.

*Attorney General*, for appellee.


WHEELER, J.   The appellant was indicted for having bet money " at a certain gambling device called rondeau." There was a verdict of guilty ; and the defendant thereupon moved the Court " to set aside and arrest the judgment, and grant him a new trial," for several causes assigned ; viz : 1st. Want of proof of the identity of the accused.   2nd. Insufficiency of evidence.   3rd. Error in the charge of the Court, and 4th. Insufficiency in the indictment.   The motion was overruled. The counsel for the appellant has treated the motion, in argument, as a motion for a new trial ; and, consequently, that it cannot properly be considered as bringing in question the sufficiency of the indictment.   The grounds of the motion, except the last, are such as could only be entertained upon a motion for a new trial.   The statute maintains the distinction between motions for a new trial, and in arrest of judgment ; forbidding the former to be entertained after the latter has been made.   (Hart. Dig. Art. 764.)   It therefore cannot be considered as embracing both ; but must be treated, either as a motion for a new trial, or in arrest of judgment, exclusively. As a motion for a new trial, it raises no question for revision ; as there is in the record no statement of the facts.   But to give the defendant the benefit of the ground of his motion which brings under revision the sufficiency of the indictment, it might perhaps, if it were necessary for that purpose, be considered as a motion in arrest of judgment ; rejecting from the motion as surplusage, the grounds applicable only to a motion for a new trial.   But this is unnecessary, as insufficiency in the indictment may be taken advantage of as well on error, as by demurrer, or motion in arrest of judgment.   It becomes necessary therefore to look to the assignment of errors ; and the only error assigned, which requires notice, is as to the sufficiency of the indictment.   If in charging the offence, the in-

The State v. Mann.

dictment had described rondo as a gaming table, there could be no question of its sufficiency. There is, however, no necessity to aver matter of which the Court has judicial cognizance. And this offence has been so frequently brought under discussion and adjudication in the numerous cases which have been brought before the Court, that we think we may well hold, that it is matter of judicial cognizance, of which we may take notice without averment, that rondo is a gaming table, within the meaning and prohibition of the statute: and, consequently, that the offence created by the statute is sufficiently described in the indictment. (Barker v. The State, 12 Tex. R. 273, and case cited.) The judgment is therefore affirmed.

Judgment affirmed.

Note.—After enumerating certain gaming tables and banks by name, the statute proceeds to inhibit the betting upon these, "or any other gambling device," thereby, by the use of the word "other," clearly implying, that the tables and banks mentioned are "gambling devices." Repeated decisions have settled that all gaming tables and banks, whether with or without a name, are within the inhibition, and the 70th Section of the Act. Hart. Dig. Art. 1477, appears to be in effect, a legislative declaration that they are "gambling devices." And I entertain the opinion that every game, devised and played for the purpose of gaming, and not for amusement, or some other innocent purpose, "is a gambling device," within the meaning and intention of the law, and as such indictable by whatever name or designation it may be characterized.

WHEELER.