BENJAMIN F. YOUNG v. JOHN J. SMITH.

A *venditioni exponas* is a writ of execution, and confers upon the officer authority to sell, pursuant to the levy, advertisement, and command of the writ, without re-advertising the property.

APPEAL from Harrison. Tried below before D. S. Jennings, Esq., as special judge, selected by agreement of the parties.

The land in controversy was levied upon, by the sheriff, in August, 1858, and advertised for sale on the first Tuesday in September, 1858, but the execution, by virtue of which the levy was made, being returnable to the Fall Term, 1858, of the District Court of Harrison county, which commenced its session on the day before the said sale day, the sheriff returned the execution, with proper endorsements thereon, showing what had been done; whereupon, a *venditioni exponas* was issued, directing him to sell, in pursuance of the levy and advertisement, as shown in his return of the previous execution. The sheriff proceeded and sold, in pursuance of the exigency of this writ.

*William B. Ochiltree,* for the appellant.

*P. Murrah,* for the appellee.

*A. H. Wilson,* also for the appellee.

WHEELER, C. J.—It appears, that the sheriff had levied on and advertised the land for sale, by virtue of an execution, regularly issued on a valid judgment.   But the return day of the execution intervening before the day of sale, he made due return of the execution, and a *venditioni exponas* was subsequently issued, by authority of which he proceeded to sell, pursuant to the levy, advertisement, and command of the writ; and the only question presented for decision by this appeal, is, whether the *venditioni exponas* was competent authority to the officer to proceed to make the sale.

The decision of this court, in Lockridge v. Baldwin, 20 Texas Rep. 303, is decisive of the question, in the affirmative.   It was there held, that a *venditioni exponas* is a writ of execution known to the law, and as such, that it will confer upon the officer the authority to sell land.

And so it is held in other states, where, as with us, the remedy given by statute to the judgment-creditor against the real estate of the debtor, is by process of execution, as against personal property, and not, as by the English law, a sequestration of the profits of the land by writ of *levari facias,* or the possession of a moiety, or the whole of the lands, by process of *elegit* and *extent.* This is shown by authorities cited by counsel for the appellant. (Borden v. McKinne, 4 Hawks, Law & Eq. Rep. 282, 283.)

So, in Tennessee, it is held, that the term, "execution," comprehends the writ of *venditioni exponas.*   (Webb v. Armstrong, 5 Humph. Rep. 380; 6 Id. 298.)

In Kentucky, it is held, and on common law principles, that, where a sheriff has levied on property before the return day of the execution, he may proceed to sell afterwards, as well lands as personal property, even without a *venditioni exponas,* on the

ground that this writ gives no new authority to the officer, but is merely intended to compel him to do that which he was before authorized to do. The doctrine in that state is, that such being the power of the sheriff, under a writ of *fieri facias*, at common law, and not having been repealed by their statute concerning executions, the power still exists. The statute having made lands subject to like process of execution as personal property, they hold that it may be dealt with in like manner. (Irvin v. Pickett, 3 Bibb, 343; 5 Litt. 20.)

In other states, however, it is held, that, although personal property levied on before, may be sold by the sheriff after the return day, without a *venditioni exponas*, real property cannot; but the proper course is, to make due return of the execution upon the return day, and thereupon issue a *venditioni exponas* to the officer to sell. (Borden v. McKinne, 4 Hawks, Law & Eq. Rep. 282; and see Towns v. Harris, 13 Texas Rep. 507.)

The reason of the distinction.is, that the seizure of personal property vests a special property in the sheriff, who may take possession for the purposes of the execution, and complete the sale after the return day, by virtue of the authority previously given, whereas, a levy on land gives no right of property or possession. It gives no authority to the officer to take possession and turn the defendant out, but only a right to enter for the purposes of the sale. It confers authority to pass the title merely, not to change the possession; and there must be in existence some lawful authority for the conversion and sale of the property. The execution could confer none after the return day; and hence the necessity of a *venditioni exponas* for that purpose.

We deem it to have been well settled by the decision in Lockridge v. Baldwin, 20 Texas Rep. 303, upon principle and authority, that a *venditioni exponas* is a lawful process of execution in such cases. There was no necessity to advertise the land, (Luther v. McMichael, 6 Humph. Rep. 298,) nor is it insisted that there was such necessity. The sale appears to have been in all respects regular and legal. Consequently, the sheriff's

deed passed the title of the defendant in execution to the purchaser, (Hart. Dig., Art. 171,) and he was well entitled to recover in this action. The judgment is therefore affirmed.

Judgment affirmed.