| 46 | 625 |
|----|-----|
| 74 | 553 |

</div>

---

<div align="center">

## L. A. HESTER *v*. J. R. DUPREY AND J. T. HARCOURT.

</div>

1. SHERIFF'S SALE.—A sale of land made by sheriff, under writ of execution after return-day of the writ, is void, and conveys no title to the purchaser.
2. APPROVED: Towns *v*. Harris, 13 Tex., 507 ; and Young *v*. Smith, 23 Tex., 600.

APPEAL from Lavacca. Tried below before the Hon. William A. Burkhart.

The opinion recites the facts upon which it is based.

*Miller* and *Sayers*, for appellant.

*John T. Harcourt*, for appellees.

ROBERTS, CHIEF JUSTICE.—There was a suit brought by David Ayres, against R. W. Duprey, for one half of a league and labor of land, in which there was a judgment for the defendant Duprey. Being taken to the Supreme Court, by appeal, the judgment was reversed and cause remanded. (Ayres *v.* Duprey, 27 Tex., 593.) An execution was issued from the Supreme Court for the costs in said court, against Duprey. The same land was levied on, sold, and bought at the sheriff's sale by said Ayres; after which, a mandate having issued, and the cause being reinstated upon the docket of the District Court of Lavacca county, and being called for trial, the bond that had been given for cost was withdrawn, by leave of the court, and of the officers of court, and for want of a bond, it was adjudged that the "cause be dismissed at the cost of plaintiff, and that the officers of court do have and recover of and from the plaintiff, D. Ayres, all costs in this behalf expended, for which execution may issue." This judgment was rendered on the 5th of July, 1871.

After the plaintiff, in the present suit, had offered and read in evidence the facts constituting the history of the title to the land, down to this judgment, he then offered in evidence the execution issued upon it, with the return of the sheriff thereon indorsed, showing that he had purchased the land levied on, as the property of David Ayres, with the sheriff's deed to him, to which the defendants objected, upon the ground (in addition to others) that the sale was made by the sheriff after the return-day of the execution. The execution was returnable on the first day of the term, which was on the 6th day of November, 1871, and the sale took place, as shown by the sheriff's return and deed, on the first Tuesday of November, 1871, which was the seventh day of said month. (Paschal's Dig., art. 6234; Almanac of 1871.) The court sustained the objections to this evidence so offered, and excluded it from the jury, to which the plaintiff excepted. Whereupon the plaintiff took a non-suit, with leave of the court, and made a motion to set it aside, on account of the

ruling of the court in excluding said evidence, which motion being overruled by the court, plaintiff gave notice of appeal, and on that ground seeks a reversal of the judgment of the court against him.

The only question presented in the case is, did the court err in excluding the said evidence upon which the plaintiff's title depended? (Osborne *v*. Scott, 13 Tex., 61.)

The land having been sold by the sheriff, under the writ of execution, one day after it was *functus officio*, the sale was void, and conveyed no title to Hester. This was directly held by this court, 'in the case of Towns *v*. Harris, 13 Tex., 507.

The same rule of law has been subsequently recognized, with the reason given why it is particularly applicable to an execution sale of land. (Young *v*. Smith, 23 Tex., 600; Paschal's Dig., art. 3775.)

There being no error in the ruling of the court in excluding the evidence which was offered, the judgment must be affirmed.

<div align="right">AFFIRMED.</div>