### ELIZABETH MITCHELL V. JOHN IRELAND ET AL.

#### (Case No. 1325.)

1. DESCRIPTION — LEVY.— See statement of case and opinion for description of land in a levy of execution and a sheriff's deed, held to be too vague and indefinite.
2. SHERIFF'S SALE.— A sheriff's deed to land, based on an execution sale made after the return day of the execution, is a nullity.
3. CASES APPROVED.— Hester v. Duprey, 46 Tex., 626, approved.
4. DESCRIPTION.— Less indulgence will be shown in favor of descriptions of property contained in deeds based on compulsory sales under judicial process, than of those contained in deeds between private parties.

APPEAL from Gonzales. Tried below before the Hon. Everett Lewis.

Suit by Elizabeth Mitchell et al. against John Ireland and others, appellees.

In the original petition plaintiffs alleged that they were the only heirs at law of Eli Mitchell, who died in April, 1870, intestate, and as such were entitled to his estate; that Sarah DeWitt died on the 27th of November, 1854, and that by her will she devised to C. E. DeWitt one-

sixth interest in her estate, which consisted in part of a tract of land situated in Guadalupe county, above the town of Seguin, and off of the Sarah DeWitt survey.

That C. E. DeWitt was appointed executor, who, under the will, sold the land in 1878, and received the purchase money therefor, and that afterwards, on the 10th of June, 1878, the executor and commissioners named in the will set apart as the share of C. E. DeWitt the sum of $839.20.

That on the 10th day of February, 1858, C. E. DeWitt conveyed to plaintiff's ancestor, Eli Mitchell, deceased, his entire interest in the tract of land; and that by virtue of that conveyance, plaintiffs are entitled to the $839.20; that the executor still withholds said amount, and refuses to pay over the same to petitioners; that the heirs of C. E. DeWitt and W. H. Burges and John Ireland are setting up claim to the money, all of whom are made parties defendant with the executor. They prayed for judgment against all of the defendants; that the title to the money be adjudged in them, and for an order compelling the executor to pay over the same.

The defendants Burges and Ireland answered at the spring term, 1879, admitting the purchase by Eli Mitchell of C. E. DeWitt's interest in the land; also the sale by the executor and the retention of the amount of money, as alleged by the plaintiffs. They denied, however, plaintiffs' right to the money. They alleged that on the 5th of October, 1858, one William Dunn purchased at sheriff's sale, under a valid and subsisting judgment and execution against Mitchell, all of his interest in the land, and that they are now the owners of Dunn's title. That both Dunn and they were purchasers in good faith, for value, and without notice of any adverse claim or irregularity in the judgment or execution under which the sale was made; that they held the land for a number of years, and paid the taxes, and never heard of plaintiffs' claim until just before the institution of this suit; and that by virtue

of the sale to Dunn they were entitled to the amount held by the executor, for which they pray judgment.

On October 27, 1879, plaintiffs filed their first supplemental petition, in which they alleged that the judgment under which Dunn purchased was paid off and satisfied in full by Eli Mitchell on the 6th of September, 1858, paying the full amount thereof to the sheriff of Gonzales county on an execution by him held, and which execution the sheriff immediately returned into court indorsed satisfied in full. They further alleged that there was no valid levy of the execution under which Dunn purchased, and that the sale was void and passed no title; that Dunn was at the time of sale the deputy sheriff of Guadalupe county, and that he and the sheriff combined together to defraud Eli Mitchell; that the land only brought five dollars at the sale, when it was worth $500, and that the sale was void for inadequacy of price, and for fraud.

The executor, C. E. DeWitt, answered, admitting that he held the sum of $839.27 allotted to the share of C. E. DeWitt out of the proceeds of the land by him conveyed, and averred his willingness and readiness to pay over the same to the party adjudged to be entitled thereto.

On October 28, 1879, Burges and Ireland filed their first supplemental answer, in which they alleged that Eli Mitchell was a surety for C. E. DeWitt in the judgment under which they held, and as such had procured to be issued the execution under which the sale to Dunn had been made, and that it was by the direction of Mitchell that the levy and sale was made. They alleged, further, that if the judgment was satisfied at the time of the sale to Dunn, neither the sheriff nor Dunn had any notice of same. They pleaded the acts of Mitchell as an estoppel to the plaintiffs; that Mitchell acquiesced in the sale up to the time of his death, never having taken any steps to recover the land, and that by his silence they were induced to purchase. They pleaded the laches of plaintiffs, and of their ancestor, and also stale demand.

Plaintiffs filed a second supplemental petition, denying the allegations in defendants' answers.

They alleged that Eli Mitchell instructed the sheriff of Guadalupe county to levy the execution upon the interest of C. E. DeWitt in the land, and that in pursuance to instruction, the sheriff did in fact levy the execution as directed, as appeared by his indorsement upon the execution under which defendants claim; and that subsequent to levy the sheriff, without the knowledge or consent of Eli Mitchell, pretended to levy the execution upon the interest of Mitchell in the land, and which subsequent levy they allege was unauthorized and void, because judgment was at the time fully satisfied as to Mitchell. They denied that Eli Mitchell, in any way, encouraged defendants to invest in the land, or that they were purchasers for value and without notice. They denied the sheriff's authority to sell, and the acquiescence in the sale.

The heirs of C. E. DeWitt were cited, but filed no answer, and a judgment by default was rendered as to them.

The cause was submitted to a jury, who, under the instructions from the court, returned a verdict for the defendants Burges and Ireland.

The sale was made on the 5th of October, 1858. The execution was issued on the 20th of August, 1858, and made returnable on or before the seventh Monday after the third Monday in August, 1858. Tuesday was the 5th of October, 1858; Monday was the fourth day of October, 1858, which day was the seventh Monday after the third Monday in August, 1858.

The description contained in the levy and deed will be found in the opinion.

*Harwood & Winston,* for appellants.

[No briefs on file for appellees.]

BONNER, ASSOCIATE JUSTICE.— There is no appearance for appellees, John Ireland *et al.*, and appellants present in argument but two grounds for the reversal of the judgment below — that the description of the land in the levy and sheriff's deed is too vague and uncertain; and that the sale, having been made after return day of the execution, is a nullity.

1. The record does not disclose that Clinton E. DeWitt had any other interest in the land than that of his distributive share in the proceeds after it was sold; or that a sale of his interest in the land would convey more than an equitable title to this distributive share.

The description in the deed from Clinton E. DeWitt to Eli Mitchell is itself quite vague. It describes the land sold as an undivided one-fourth of six hundred acres, when there were in fact eight hundred and seventy acres. There is no further description of the six hundred acres, than that it is part of thirty-three hundred and sixty-five acres granted to Sarah DeWitt, of which she died seized. This deed, however, declares it to be all Clinton E. DeWitt's interest in his mother's estate, and covenants to make further deed with more perfect description when a survey shall have been made.

The levy and sheriff's deed describes it as follows:

"A certain tract or parcel of land, being one-fourth of six hundred acres of land situated on the west bank of Guadalupe river in Guadalupe county, between the towns of Seguin and New Braunfels. The said six hundred acres is a part of a tract of three thousand three hundred and sixty-five acres, granted by the government to Sarah DeWitt, and from the estate of Sarah DeWitt to Clinton E. DeWitt, the said one-fourth of six hundred acres being the distributive share of Clinton E. DeWitt, and transferred by him to Eli Mitchell. Said land was levied upon as the property of Eli Mitchell to satisfy said judgment."

Reference is made to the deed from Clinton E. DeWitt

to Eli Mitchell, but less indulgence should be shown in favor of descriptions in compulsory sales under judicial process than in private sales between individuals. Wooters et al. v. Arledge (decided at the present term); Norris v. Hunt, 51 Tex., 615.

Considering the very vague description of the land itself, and the character of the interest which might be subject to levy and sale, whether in the land or its proceeds, we think the description in the levy and sheriff's deed too vague and indefinite under all the facts and circumstances of this case, and particularly when the sale was for such a grossly inadequate price, to demand affirmative relief from a court of equity.

2. If the defendants below have no other title than that derived through sale made under execution after return day thereof, then such title, as has been expressly decided by this court, is a nullity, and would confer no right. Hester v. Duprey, 46 Tex., 625; Young v. Smith, 23 Tex., 600; Pasch. Dig., art. 3775.

Although other objections to the validity of the sale were presented on the trial below, the objection that it was made after return day of the execution, seems to have been made for the first time in this court.

The proper practice would require that it should be made in the court below, so that the presiding judge may have the opportunity to pass upon it, and the opposite party to answer it, or supply, if he can, the defect by other testimony.

It, however, raises the question, not of irregularity only, but of nullity patent upon the record, and we are not prepared to say that it should not be considered by us, though presented for the first time in this court.

REVERSED AND REMANDED.

[Opinion delivered January 11, 1881.]