Opinion by
White, P. J.
§ 221. Execution; sale of property under, after return day of. A sale of real estate, made under an execution after the return day of the writ, is void, and the purchaser acquires no title .thereby. [Towns v. Harris, 13 Tex. 507; Young v. Smith, 23 Tex. 598; Hester v. Duprey, 46 Tex. 625; Mitchell v. Ireland, 54 Tex. 301; Tillman v. McDonough, arde, § 53.] With regard to personal property a different rule prevails. “ The reason of -the distinction is, that the seizure of personal property vests a *171 special property in tlie sheriff, who may take possession, for the purposes of the execution, and complete the sale after the return day, by virtue of the authority previously given, whereas, a levy on land gives no right of property or possession. It gives the officer no right to take possession and turn the defendant out, but only a right to enter on the land, for the purposes of the sale. It confers authority to pass the title merely, not to change the possession, and there must be in existence some lawful authority for the sale and conversion of the property. The execution could confer none after the return day, and hence the necessity .of a venditioni exponas for that purpose.” [Young v. Smith, 23 Tex. 598.] “By the levy on property, the officer has entered upon the execution of the writ, and has, if the levy be upon personalty, acquired a special property in the goods seized. By the principles of the common law, the special property thus acquired was not divested by the return of the writ. The officer could, without waiting for a venditioni ex-ponas, proceed, to sell the property, by virtue of the authority conferred by the original writ.” [Freeman on Executions, § 106.] In this case, the property in controversy is a house, which was built by one party, upon land belonging to another. The house was sold under an execution, as the property of the person who built it, and was purchased by appellant. The sale was made after the return day of the execution. Held, if the house was real property, the sale was void and passed no title to appellant. If it was personal property, the sale was valid, and passed title to the property.
§ 222. House; is it real or personal property? .“The general rule is, that things personal in their nature, which are fitted and prepared to be used with real estate, and are essential to its beneficial enjoyment, become part of the soil, and pass with it under a deed of conveyance, provided they were once annexed to the land, and continue to be so used. But a different principle applies where the parties had agreed that such things should re *172 main the property of the party annexing them. Hence, on the one hand, buildings erected on the real estate of another, without his permission, become part of such real estate, and, if erected by the husband on his wife’s lands, they become hers. But, on the other hand, if I build on another’s lands under an agreement that the house shall remain my personal property, the law gives effect to such agreement. Even the subsequent assent of the owner to such erection is held sufficient for this purpose.” [1 Schouler’s Per. Prop. 151.] In this case the trial court held that the sale of the house, having been made after the return day of the execution, was void, without regard to whether the house was real or personal property. Held, that this ruling was erroneous, because whether or not the sale was void depended upon the character of the property, and this question was not considered or determined by the trial court.
May 31, 1884.
§ 228. Jurisdiction; real estate; consent. If the house is real property, the county court Was without jurisdiction to determine the case, and this court would likewise be without jurisdiction of it. The agreement of the parties that the house is real property cannot be considered, because consent cannot confer jurisdiction. [Lyell v. Guadalupe County, 28 Tex. 51; W. & W. Con. Rep. § 1209.]
Reversed and-remanded.