JOHN B. REAGAN ET AL. V. VAN EVANS ET AL.

NO. 29.

1. **Jurisdiction of Suits to Enjoin a Trespass.**—Appellee John Evans was the assignee of a vendor's lien note, dated November 23, 1886, and signed by Van Evans and wife. He obtained foreclosure judgment; the land was sold thereunder, and he became the purchaser and was placed in possession. Appellants Borchard, Ehrlick & Co. were the holders of two deeds of trust made by Van Evans and wife, dated January 24 and February 8, 1890, to secure a debt due B., E. & Co., which was foreclosed in Galveston, with order that the purchaser be placed in possession. At sale made thereunder B., E. & Co. became the purchasers. This suit was to enjoin the sheriff of Cherokee County, Reagan, from executing the writ of possession from Galveston County. *Held*, that the District Court of Cherokee County had jurisdiction.

2. **Same.**—Plaintiffs' petition averred that the writ of possession was made returnable within ninety days, which time had elapsed. Appellants did not verify their plea to the jurisdiction, but relied upon the allegations of the petition for verification, which must be taken as true; and from which it is evident that the writ had ceased to have any force or effect. If the writ was void, the threatened

ejectment, if executed, would have been a trespass committed by the sheriff, and an injunction to restrain it is not an injunction restraining the execution of the judgment upon which the writ issued, and need not be returned to the court where judgment was obtained.

3. Void Writ.—A writ returnable in ninety days is void after the ninety days has elapsed.

4. Amendment Setting up a New Cause of Action. — When the court has jurisdiction of the parties and of the subject matter of the suit, and the petition presented a good cause of action, it was competent for the court to permit an amendment which set up another and different cause of action, subject to the right of the defendant to ask a continuance on the ground of surprise.

5. Subsequent Encumbrancers, When not Necessary Parties.— Though B., E. & Co. were encumbrancers prior to the institution of John Evans' foreclosure suit, and though he was only the assignee of the note, with the superior title to the land held by his assignor in trust for him, unless he knew of the subsequent lien of B., E. & Co., he was not required to make them parties.

6. Notice of Subsequent Lien.—Mortgagees were not in possession of the land, and the registration of their mortgages was not notice of the lien, either to the vendor of the land or his vendee John Evans. He was not asserting or claiming any rights under the mortgagors, Van Evans and wife.

7. Rights of Subsequent Lien Holders.—It is the opinion of a majority of the court, that appellants are not precluded by the judgment of the court below from yet asserting any equities against the land secured to them by their mortgages, if the land be of greater value than the vendor's lien debt.

APPEAL from Cherokee.   Tried below before Hon. GEO. F. INGRAHAM.

*Gregg & Morris*, for appellants.—1. The court erred in overruling defendants' plea to the jurisdiction of the court, because the ground of action against appellants set up in plaintiffs' petition is an order of sale and writ of possession issued out of the District Court of Galveston County, and the relief prayed for in said petition is to perpetuate an injunction issued out of the District Court of Cherokee County, enjoining the sheriff of said Cherokee County from the execution of a writ aforesaid, issued out of the District Court of Galveston County, based upon a judgment obtained in said District Court of Galveston County in favor of appellants Borchard, Ehrlick & Co. against Judith F. Evans and Van Evans, and which said writ was made returnable to said District Court of Galveston County.   Rev. Stats., art. 2880; Seligson & Co. v. Collins, 64 Texas, 314.

2. Said land not being a homestead, the two deeds of trust mentioned in plaintiffs' petition, which were of record in the office of the county clerk of Cherokee County long before John H. Evans became the purchaser of said vendor's lien note, and before he brought suit to foreclose said lien, conveyed the equity of redemption to Borchard, Ehrlick & Co.; and said record was legal notice to the owner and holder of said note that said Borchard, Ehrlick & Co. were junior encumbrancers on said land, and as such were proper and necessary parties to said foreclosure

suit.  Andrews v. Key, 77 Texas, 35; Lockhart v. Ward, Dewey & Co., 45 Texas, 227; Hall v. Hall, 11 Texas, 547; Morrow v. Morgan, 48 Texas, 304; 49 Texas, 58; 60 Texas, 190; Rev. Stats., art. 2465; Traylor v. Townsend, 61 Texas, 144; Price v. Cole, 35 Texas, 470.

*L. D. Guinn, Jas. I. Perkins,* and *Sam P. Willson,* for appellees.

1.  After its return day has passed, a writ of execution is not legal process, and to enjoin its execution is not enjoining the execution of the judgment on which it issued, nor is it staying proceedings in the suit in which it issued.  The writ enjoined was issued August 11, 1891.  It was returnable within ninety days from its date.  Appellees' suit to enjoin it was filed November 25, 1891.  Towns v. Harris, 13 Texas, 507; Young v. Smith, 23 Texas, 598; Hester v. Duprey, 46 Texas, 625; Mitchell v. Ireland, 54 Texas, 301.

2.  When a writ of injunction is issued in favor of a party claiming to have lawful possession of land, and who sues to protect his possession thereof against process on a judgment, however valid and regular it may be, to which he was not a party, and under which his lawful possession in no event could be disturbed, such writ of injunction is not necessarily returnable to and triable only in the court where such judgment was rendered.  Van Ratcliff v. Call, 72 Texas, 491; Winnie v. Grayson, 3 Texas, 429; 1 W. & W. C. C., sec. 1241.

3.  Appellants would have been proper, but were not necessary, parties to appellees' suit for a foreclosure of the vendor's lien.  Silberberg v. Pearson, 75 Texas, 288; Ufford v. Wells, 52 Texas, 619; Chapman v. Lacour, 25 Texas, 94; 17 Am. and Eng. Encycl. of Law, 649.

4.  Having failed to do or offer to do equity, by paying or tendering payment to appellee of the amount of his prior encumbrance on the land, and having relied on other defenses and lost, appellants' claimed equity of redemption can not now avail them anything.  Cattle Co. v. Boon, 73 Texas, 548; Ufford v. Wells, 52 Texas, 619.

PLEASANTS, ASSOCIATE JUSTICE.—The statement of the nature and result of this suit is thus given by counsel for appellants in their brief:

"This suit was brought by appellees, Van Evans and his wife Judith F. Evans, and John H. Evans, against the appellants, John B. Reagan, sheriff of Cherokee County, and Borchard, Ehrlick & Co., a mercantile firm residing and doing business in Galveston County, and composed of M. Lasker, Dan Borchard, and David M. Ehrlick, in the District Court of Cherokee County, Texas, on the 25th day of November, 1891, to enjoin the said John B. Reagan, sheriff as aforesaid, from the execution of a writ of possession to lands described in their petition, which said writ was issued out of the District Court of Galveston County, and to remove cloud from title of said John H. Evans to said land.

"Appellees' petition alleged, substantially, that said John H. Evans is the owner of the said land by virtue of title deraigned as follows: On the 23d of November, 1886, W. J. Addis sold said land to Judith F. Evans, wife of Van Evans, by deed of that date, and received therefor as the consideration in part a promissory note for $157.25, due January 1, 1889, payable to said Addis, or bearer, both said note and deed retaining the vendor's lien upon said land. That said deed was filed for record in Cherokee County on the 17th day of May, 1889, and was duly recorded on May 20, 1889.

" That on the 1st day of January, 1891, the said John H. Evans, in due course of trade, for value, became the owner and holder of said note, and thereafter, on the 1st day of June, 1891, said John H. Evans obtained judgment in the District Court of said Cherokee County upon said note against Judith F. Evans and Van Evans for the amount of said note, less a credit of $50, and for interest and costs of suit, and a foreclosure of said vendor's lien on said land and an order of sale of said land for the payment of said judgment. That thereafter, by virtue of said judgment and order of sale, said land was sold by John B. Reagan, as sheriff of said county, on the 4th day of August, 1891, to the said John H. Evans, by deed of that date, which was filed for record same day and duly recorded on the day following; that said John H. Evans within thirty days thereafter was placed in possession of said land.

" Said petition further alleges the title of said Borchard, Ehrlick & Co. to said land, which is deraigned as follows: That on the 24th day of January, 1890, and on the 8th day of February, 1890, the said Van Evans and Judith F. Evans made, executed, and delivered to the said Borchard, Ehrlick & Co. their two several deeds of trust upon said land to secure the payment of certain sums of money then acknowledged by said Judith F. and Van Evans to be due and owing to said Borchard, Ehrlick & Co.; that said deeds of trust were duly recorded in records of deeds of said Cherokee County on their several dates.

" That on the 14th day of August, 1891, the said Borchard, Ehrlick & Co. recovered a judgment against said Van Evans and Judith F. Evans in the District Court of Galveston County, Texas, for the sums of money secured by said deeds of trust, with interest and costs, and foreclosing the lien upon said land created and secured by said deeds of trust, and ordering said land to be sold to satisfy said judgment, and that the purchaser at said sale be put in possession, etc.

" That thereafter, on the first Tuesday in October, 1891, said land was sold by said John B. Reagan, sheriff of said Cherokee County, under and by virtue of an order of sale issued out of the said District Court of said Galveston County, Texas, upon said last described judgment; and at said last mentioned sale said Borchard, Ehrlick & Co. became the purchasers, and obtained from said sheriff his deed to said land, made by virtue of

said last mentioned sale of same, said deed bearing date the 20th of October, 1891, and duly recorded in the clerk's office of Cherokee County on same day. That the plaintiffs in said petition are in possession of said land. That said Borchard, Ehrlick & Co. claim the right of possession to said land by virtue of said title as aforesaid, and especially by virtue of the direction in said last named order of sale, 'that the sheriff do place the purchaser of said land in possession thereof.'

"And plaintiffs in said petition pray to have the writ of injunction made perpetual; that the title to said land be adjudged to be in said John H. Evans, and the deed from the sheriff to Borchard, Ehrlick & Co. be cancelled, and for all costs, etc.

" The appellants excepted generally and specially to the petition, and pleaded specially to the jurisdiction of the court. And the court having, on the 1st day of July, A. D. 1892, overruled said general and special exceptions and said plea to the jurisdiction of said court, and having rendered its judgment against the appellants Borchard, Ehrlick & Co., appellants filed their motion for a new trial, and the court having overruled said motion for new trial, appellants gave notice of appeal."

The appellants' first assignment of error is, that " the court erred in overruling defendants' plea to the jurisdiction of the court, because the ground of action against appellants set up in plaintiffs' petition is an order of sale and writ of possession issued out of the District Court of Galveston County, and the relief prayed for in said petition is to perpetuate an injunction issued out of the District Court of Cherokee County, enjoining the sheriff of said Cherokee County from the execution of a writ aforesaid, issued out of the District Court of Galveston County, based upon a judgment obtained in the District Court of Galveston County in favor of appellants Borchard, Ehrlick & Co. against Judith F. Evans and Van Evans, and which said writ was made returnable to said District Court of Galveston County."

The plaintiffs' petition alleged, that the defendant Reagan, sheriff of Cherokee County, at the instigation of the other defendants, Borchard, Ehrlick & Co., was threatening to dispossess and eject plaintiffs Van and Judith Evans from the premises in controversy, under and by virtue of a writ issued from the District Court of Galveston County upon a judgment rendered therein on the 4th of August, A. D. 1891, in a suit wherein the said Borchard, Ehrlick & Co. were plaintiffs and the said Van and Judith Evans were defendants, commanding said sheriff to sell said premises, and to place the purchasers in possession thereof; and that by virtue of said writ the said sheriff, as they were informed and believed, had sold said premises, and that at the sale the said Borchard, Ehrlick & Co. became the purchasers. And petitioners further averred, that they were advised and believed that said writ was then functus officio; that it issued

on the 11th day of August, A. D. 1891, and was made returnable within ninety days, which time had then elapsed; and they averred, that the said Reagan, instigated by his codefendants, would, they feared, execute his threat to eject them from said premises, unless restrained therefrom by a writ of injunction; that said Van and Judith Evans were in possession of the premises under a lease from their coplaintiff, John Evans; that they were occupying the same as a home, and had made their preparations so to occupy it, at least until the end of the next year, and if ejected by said sheriff that they would sustain irreparable injury. They alleged the rental value of the premises, and averred that the title, as they were advised and believed, under which they were holding possession of the premises was superior to that under which the said Borchard, Ehrlick & Co. were asserting right to the property.

From these averments, if true (and in considering the rulings of the court upon the plea they must be taken as true, since the plea to the jurisdiction was not verified by affidavit, but appellants relied on the allegations of the petition for its verification), it is evident that the writ under which the sheriff was threatening to dispossess complainants had ceased by lapse of time to be of any force or effect. Such a writ has been repeatedly held to be void. Hester v. Duprey, 46 Texas, 625; Mitchell v. Ireland, 54 Texas, 301; Towns v. Harris, 13 Texas, 507.

If the writ prayed to be enjoined was void, the alleged threat of ejectment, if executed, would have been a trespass committed by the sheriff; and an injunction restraining an officer from committing a trespass can not be said to be an injunction enjoining the execution of the judgment upon which the writ issued, and if not, then the writ of injunction need not be returned to the court whence the order of sale and writ of possession emanated. We are of opinion, therefore, that the court did not err in holding the defendants' plea to the jurisdiction to be bad.

As the appellant's second assignment of error is not copied in his brief, and as he makes neither proposition nor statement under said assignment, we consider it as waived, and will not discuss the same.

The appellants' third assignment of error impugns the correctness of the ruling of the court upon appellants' special exceptions to appellees' first amended original petition, on these grounds: First. Because said amended petition sets up a different cause of action than that set up in original petition, and the relief prayed for in the amended petition could not have been granted under the averments of the original petition. Second. Because the petition shows upon its face that at the time the appellee John Evans became the owner of the alleged vendor's lien note, and at the time of the judgment of the District Court of Cherokee County foreclosing said lien, and under which said appellee claims title to the land in controversy, the appellants, the said Borchard, Ehrlick & Co., were encumbrancers upon said land by virtue of two deeds of trust, men-

tioned in said petition, and as such encumbrancers, had the equity of re-
demption of said land, and that they were not parties to said suit in
which said vendor's lien was foreclosed; and that said petition neither
discloses nor alleges any fact or facts which would bind appellants by said
judgment or the sale made thereunder.

As to the first of these two grounds of objection urged to the judg-
ment of the court overruling appellants' special exception to the amended
petition, it is sufficient, we think, to say, that the court had jurisdiction
of the parties and of the subject matter of the suit, and the petition pre-
sented a good cause of action; and even if the cause of action set out in
the amended petition was another and a different one to that presented
in the original petition, it was competent for the court to permit the suit
to proceed under such terms and conditions as in its judgment were
proper; and if the appellants were surprised by the averments of the
amended petition, or for any other sufficient cause they desired a post-
ponement or continuance of the cause, they should have made applica-
tion to the court for such postponement or continuance; and not having
done so, they can not now be heard to complain of the judgment of the
court in overruling their exception.

The second ground of objection is based upon the assumption, that as
the deeds of trust mentioned in plaintiffs' petition showed that appellants
Borchard, Ehrlick & Co. were encumbrancers before the purchase of the
vendor's lien note, and before the institution of his suit by the said ap-
pellee John Evans for the foreclosure of said lien, the said appellants
were necessary parties to said suit, in order to convey title to appellee
John Evans under the decree of foreclosure. The vendor's lien was ex-
pressly retained in the deed conveying the land from J. Addis to Edith
Evans, under whom both appellants and appellee John Evans claim title.

Had Addis brought suit on the note, it is well settled by the decisions
of the Supreme Court of this State, that appellants would not have been
necessary parties. Ufford v. Wells, 52 Texas, 619, and authorities there
cited; Silberberg v. Pearson, 75 Texas, 288. And as Addis, the assignor
of the note, held the superior legal title to the land in trust for the bene-
fit of his assignee, we think the rule announced in the cases cited, supra,
is as applicable to this case as if the vendor, Addis, were the plaintiff, in-
stead of his assignee, John Evans.

But if we are mistaken in this, unless Evans knew of the subsequent lien
acquired by the mortgagees, Borchard, Ehrlick & Co., then he was not
required to make them parties to his suit to foreclose the vendor's lien.
Webb v. Maxan, 11 Texas, 340. And there is nothing in the record
which shows, or would authorize us to conclude, that Evans, the plaint-
iff, knew of the mortgages executed by the vendee of the land to Bor-
chard, Ehrlick & Co. at the time he instituted his suit. The mortgagees
were not in possession of the premises. The registration of the mortgages

was not notice to plaintiff. He was not asserting or claiming any rights under the mortgagor. The registration of the vendor's deed was notice to the subsequent encumbrancers of the vendor's lien, but the registration of the mortgages executed by the vendee was not notice of the mortgagee's lien, to either the vendor or to the vendor's assignee.

Our conclusion is, therefore, that the mortgagees were not necessary parties to the suit for foreclosing the vendor's lien, and that the judgment must be affirmed. But it is the opinion of the majority of the court, that the mortgagees, the appellants here, are not precluded by the judgment of the lower court from yet asserting any equities against the land secured to them by their mortgages, a proposition to which the writer of this opinion is not prepared to give his assent.

The judgment therefore is affirmed without prejudice to appellants. And if the land be of greater value than the amount of the plaintiff Evans' debt, such excess of value, or so much thereof as may be necessary, may be subjected to the payment of appellants' mortgage debts.

*Affirmed.*

Delivered January 12, 1893.