## EDWARD BUCKLEY v. H. H. MASON.

### FILED NOVEMBER 18, 1897.   No. 7494.

1. **Execution: SHERIFF'S RETURN: TIME.** An execution issued by a county court, or justice of a peace, is returnable thirty days after its receipt by the officer to whom the writ is directed, and the statute is mandatory that the writ must be returned within that time by the officer, stating what he has done under it, whether the property levied upon has been sold or not.

2. ———: ———: ———. A sheriff or constable has no authority to act under such an execution after the return day thereof.

ERROR from the district court of Gage county. Tried below before BUSH, J.   *Reversed.*

*W. H. Richards* and *F. N. Prout,* for plaintiff in error.

*Griggs, Rinaker & Bibb, contra.*

NORVAL, J.

This action was in replevin for the possession of a wagon. In a trial to the court, without a jury, the defendant prevailed, and the plaintiff has brought the record here for review by an appropriate proceeding.

The facts are undisputed, and so far as they are necessary for an understanding of the case, are as follows: On the 18th day of November, 1893, an execution was issued by the county court upon a judgment obtained by the Wyeth Hardware Company against Vorhees & Vorhees, and the writ, two days later, was levied upon the property in controversy by J. W. Ashenfelter, as constable, who advertised the sale to take place on November 30, and left the property for safe keeping with the defendant H. H. Mason. The wagon not having been sold on the date specified, the constable, on the 8th day of December, 1893, again advertised it to be sold on the 19th day of the same month. Subsequently, Edward Buckley, for a valuable consideration, purchased the

wagon from the execution defendant, demanded possession thereof from Mason, and the delivery of the property being refused, this action was instituted. Said execution was not returned to the county court within thirty days from the receipt thereof by the constable, nor was any order ever issued by said court to expose for sale the property levied upon.

The only question presented for consideration in this case is whether the failure of the constable to return his execution to the court whence it issued within thirty days from the date the officer received the writ, and the omission to obtain an order from the county court for the retention and exposition of the property by the constable, released the wagon from the lien of the execution. If the lien of the levy was discharged, it is obvious that plaintiff was entitled to recover in this action. The question for consideration is one of statutory construction.

Section 1058 of the Code of Civil Procedure, relating to the requisites of an execution issued upon a judgment of a justice of the peace, provides, *inter alia:* "It must in all cases direct the officer to make return of the execution and the certificate thereon, showing the manner in which he has executed the same, in thirty days from the time of his receipt thereof."

Section 1064 declares: "The officer is liable to the party in whose favor an execution issued to him for the amount thereof, in the following cases: First—Where he suffers thirty days to elapse without making a true return thereof to the justice, and paying to him, or to the party entitled, the money collected thereon by him."

Section 1071 provides: "Where a constable or sheriff shall have levied on any goods and chattels which remain unsold for want of bidders or other just cause, it shall be his duty to return, with the execution, a schedule of all goods and chattels. And the justice shall, unless otherwise directed by the party for whom such execution issued, or his agent, immediately thereafter issue an order, thereby commanding any officer to whom the same may

be directed or delivered, to expose such property for sale; which sale, and the proceedings thereon shall be the same as if such property had been sold on the original execution."

By section 1077 it is made the duty of any constable to make return of all processes which come into his hands at the proper office, and upon the proper return day thereof; and the next succeeding section requires every constable, on the receipt of any writ or process, other than subpœnas, to indorse thereon the time of receiving the same. The foregoing provisions, by section 19, chapter 20, Compiled Statutes, are made applicable to proceedings upon executions issued out of the county court.

It is very evident that the statutory provisions under consideration require that an execution issued by a justice of the peace or a county judge be returnable to the court whence it issued within thirty days after the receipt by the sheriff or constable, as the case may be. There can be no doubt that this is true, whether a levy has been made or not, or whether the property seized under the writ has been sold before the return day or not. But counsel for defendant urge strenuously that the statute respecting returns of execution is not mandatory, but is directory merely, and the failure to comply with the provisions thereof is nothing more than an irregularity, which does not affect the lien of the levy. Each party has cited numerous authorities as bearing upon the proposition, which we shall not attempt to review, or comment upon, since substantially the question now before us was determined in *Burkett v. Clark,* 46 Neb., 466, and the decision there indicated was contrary to the contention of the defendant herein. Section 510 of the Code of Civil Procedure, relating to the return of executions issued from the district court, was construed in that case, and it was held that said section limited the life of an execution to sixty days from its date, and the requirement of the statute that it be returned within that time is mandatory. Said section 510 requires an execution is-

45

sued out of the district court to be returned "within sixty days from the date thereof," while said section 1058 makes an execution issued by a justice of the peace returnable within thirty days from the time of the receipt of the writ by the sheriff or constable. This difference in the language of the two sections is not sufficient to authorize the court to construe as directory merely the provisions relating to a return of an execution issued by a justice of the peace. The conclusion is irresistible that it was the duty of the constable, Ashenfelter, to have returned the execution to the county court within thirty days from the time the writ came into his hands, stating what he had done under it, and having omitted to comply with the same in that regard, the levy on the wagon was released. He had no authority to act under the execution after the return day thereof. (*Shultz v. Smith*, 17 Kan., 306; *Vail v. Lewis*, 4 Johns. [N. Y.], 450; *Cain v. Woodward*, 12 S. W. Rep. [Tex.], 319; *Towns v. Harris*, 13 Tex., 507; *Young v. Smith*, 23 Tex., 598; *Hester v. Duprey*, 46 Tex., 625; *State v. Kennedy*, 18 N. J. Law, 22.) The judgment is

REVERSED.