## CHANCE v. PACE et al.

(Court of Civil Appeals of Texas. Galveston. Nov. 9, 1912.)

1. JUSTICES OF THE PEACE (§ 135*)—JURISDICTION—AMOUNT IN CONTROVERSY—PLEADING.

A petition in a suit to restrain an execution sale under a justice's judgment, which alleged that the amount in controversy was beyond the jurisdiction of the justice, in that the suit was based on 20 notes of $10 each and 10 per cent. on the principal and interest as attorney's fees, and which averred that a credit of $45 had been allowed, but which did not state the date of the credit, or when the debtor was entitled to it, did not show that the justice was without jurisdiction, where, if the credit accrued near the time of the filing of the suit, the principal and attorney's fees exceeded the jurisdiction of the justice; while if the right to the credit accrued and was allowed at the date of the notes, or within a year thereafter, the amount due, excluding interest, was within the jurisdiction of the justice.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 426–447; Dec. Dig. § 135.*]

2. JUSTICES OF THE PEACE (§ 135*)—ERRONEOUS JUDGMENT—REMEDY.

Where a defendant in justice's court made no defense, though he knew for more than a year before the judgment that the action was pending, and he did not show any excuse for failing to appeal or obtain relief by certiorari, injunction did not lie to restrain an execution sale under the judgment.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 426–447; Dec. Dig. § 135.*]

3. JUSTICES OF THE PEACE (§ 84*)—WAIVER OF WANT OF SERVICE OF SUMMONS—APPEARANCE.

An appearance by defendant in justice's court for the purpose of obtaining a continuance, and actually obtaining a continuance, is a waiver of the issuance and service of citation on him.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 266–278; Dec. Dig. § 84.*]

4. JUSTICES OF THE PEACE (§§ 73, 74*)—JURISDICTION—ABSENCE OF REGULAR JUSTICE.

Where the regular justice of the peace was sick, a justice of the peace in the same precinct could, as authorized by Sayles' Ann. Civ. St. 1897, art. 1566, perform the duties of the office, provided he was the nearest justice.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 236–242; Dec. Dig. §§ 73, 74.*]

5. JUSTICES OF THE PEACE (§ 135*)—EXECUTION—ISSUANCE—DIRECTIONS FOR RETURN.

Under Sayles' Ann. Civ. St. 1897, art. 1657–1659, providing that writs of execution issued on justice's judgment shall be returnable in 60 days from date of issuance, a writ of execution, after the lapse of time in which it is made returnable by law, is of no force; and the right of an officer, by virtue of the writ, to take and sell property ceases from the date the writ is returnable.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 426–447; Dec. Dig. § 135.*]

6. PLEADING (§ 214*) — DEMURRERS — ADMISSIONS.

A petition tested by a general demurrer must be taken as true.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 525–534; Dec. Dig. § 214.*]

Appeal from District Court, Jefferson County; W. H. Pope, Judge.

Action by S. D. Chance against W. L. Pace and another. From a judgment of dismissal, plaintiff appeals. Reversed and remanded.

O'Fiel & O'Fiel, of Beaumont, for appellant. J. D. Campbell, of Beaumont, for appellees.

McMEANS, J. Appellant presented to Hon. W. H. Pope, judge of the district court of Jefferson county, his petition for a writ of injunction to restrain the appellees from making sale of a piano belonging to him under an order of sale issued out of the justice court of said county. The court granted a temporary restraining order, and set the case down for hearing at a future date. On the hearing the judge sustained appellees' general demurrer to plaintiff's petition and dismissed his suit, and from the judgment of dismissal plaintiff has appealed.

Plaintiff alleged the following grounds for the issuance of the writ: (1) That the court of H. E. Showers, justice of the peace, in which the judgment, under which the order of sale was issued, was rendered, was without jurisdiction, because the amount of the notes sued on was beyond the jurisdiction of the justice court, and the value of the piano foreclosed upon was greater than $200 at the date of the judgment, and that therefore the judgment was void; (2) that plaintiff had not been served with citation and had no notice of the pendency of the suit against him, but that if he had been served or had such notice the justice of the peace had promised him to continue the case from term to term, in order that plaintiff might prepare his defenses, and that judgment was finally rendered against him by default, without his being notified that such a judgment would be asked; (3) that the judgment of

the justice court was not rendered by H. E. Showers, the regular justice of the peace of the court in which the suit was filed, but by another justice of the peace who was holding court for said Showers at the time of the latter's sickness and inability to preside over his court; and (4) that the order of sale by virtue of which the piano was seized by the constable was at the time of the seizure functus officio.

It appears from the allegations of the petition that appellee, W. L. Pace, on April 7, 1909, filed suit in the court of H. E. Showers, justice of the peace of precinct No. 1 of Jefferson county, against appellant on 20 promissory notes for $10 each, bearing interest at the rate of 10 per cent. per annum from date, viz., August 17, 1905, and 10 per cent. additional on the principal and interest as attorney's fees, less a credit of $45. Just when this credit was entered does not appear. The case was continued from term to term until the 17th day of May, 1910, when judgment by default was rendered in plaintiff's favor for the amount of his debt, and for foreclosure of his mortgage lien on a piano, by G. M. Oliver, who was also a justice of the peace of precinct No. 1, and who was sitting in Justice Showers' court during the time the latter was sick and unable to discharge the duties of his office. On April 28, 1911, nearly a year after rendition of the judgment, the plaintiff in the justice court suit sued out an order of sale, which was placed in the hands of James Evins, a constable of Hardin county, where the piano then was, and this writ was not levied nor the piano seized under it until about the 29th day of September, 1911, about five months after the issuance of the order of sale.

[1] We think the allegations of the petition are not sufficient to show that the justice court did not have jurisdiction to render judgment for the amount of the notes and attorney's fees. True it is alleged in general terms that the amount was beyond its jurisdiction, but in alleging the specific facts upon which appellant relies to show this the facts stated do not bear out the general allegation that the justice court was without jurisdiction. Had the pleader stopped after alleging that plaintiff's suit was upon 20 notes of $10 each, and 10 per cent. on the principal and interest as attorney's fees, his petition would have shown, prima facie, that the amount sued for was beyond the jurisdiction of the justice court. But he alleged, further, that a credit of $45 had been allowed, without stating the date when appellant became entitled to the credit, or when it was in fact given. It will be noted that the notes were dated August 17, 1905, and at the time of the judgment nearly five years' interest had accrued. A simple calculation will prove that, if the right to the credit accrued at or near the time the suit was filed, then the principal and attorney's fees together amounted to a sum beyond the jurisdiction of the court; but if the right to the credit accrued and was allowed at the date of the notes, or within a year thereafter, the amount then due, excluding the interest, would be within the jurisdiction of the justice court. In the absence, then, of an allegation showing when the payment was made which entitled the appellant to the credit, we think the petition is insufficient to show that the amount sued for was beyond the jurisdiction of the court.

[2] But, regardless of the matter above discussed, we think the court did not err in refusing to grant the writ of injunction, on the ground that the justice court was without jurisdiction, either because the amount of plaintiff's demand, or the value of the piano foreclosed upon, was beyond its jurisdiction. There was no allegation in the petition for injunction to show that from the record in the justice court it affirmatively appeared that the subject-matter of the litigation was not within the jurisdiction of that court, but it does so appear that the appellant failed to make any defense to appellee's demand, although he knew for more than 12 months before the judgment was rendered that the suit was pending, and at his instance had been continued from term to term, and the petition is silent in the matter of showing any excuse whatever for failing to avail himself of the legal remedy of appeal or certiorari to vacate it. True he alleges that at the time of applying for the injunction he had no remedy at law, either by way of appeal or certiorari, but this allegation falls far short of a legal excuse for not having availed himself of his legal remedy within the time provided by law. We understand the law to be that, even if the judgment was void because of matters arising dehors the record, an injunction will not lie if the party complaining has not availed himself of his legal remedy to vacate the judgment by appeal or certiorari. Railway v. Ware, 74 Tex. 49, 11 S. W. 918; Tucker v. Williams, 56 S. W. 586.

[3] The allegation that appellant had not been served with citation and did not know of the pendency of the suit against him is contradicted by the further allegation that he did know of the pendency of the suit, and that the suit had been continued from term to term by the justice of the peace at his special instance and request. Even if he had not been served with citation, we think his frequent appearance for the purpose of obtaining the continuance was a waiver of the issuance and service of citation upon him.

[4] There is no merit in the allegation that the judgment was void because rendered by a justice of the peace other than the regular justice of the court in which the suit was filed. The petition shows that the regular

justice of the peace was sick and unable to discharge the duties of his office, and that G. M. Oliver, a justice of the peace in the same precinct, held court for him and rendered the judgment in question. Article 1566, Sayles' Civil Statutes, provides: " * * * Whenever the justice of the peace of any precinct shall be absent, or unable or unwilling to perform the duties of his office, the nearest justice of the peace in the county may perform the duties of the office until such * * * absence, inability or unwillingness shall cease." There was no allegation that G. M. Oliver was not the nearest justice of the peace.

[5] But we think that the court erred in sustaining the general demurrer, because the petition sufficiently alleged that the writ under and by virtue of which the piano was seized was at the time of the seizure functus officio. It was alleged that the writ was issued on April 28, 1911, and the levy thereof and the seizure of the piano was on the 29th day of September, 1911, five months after the date of its issuance. The statute requires all such writs to be returnable in 60 days from date of issuance. Sayles' Civil Statutes, articles 1657, 1658, 1659. It is well settled that such writs, after the lapse of the time in which they are made returnable by law, are of no force and effect (Reagan v. Evans, 2 Tex. Civ. App. 35, 21 S. W. 429), and that the right of the constable, by virtue of such a writ, to take and sell property ceases from the date the writ was returnable. Harris v. Ellis, 30 Tex. 6, 94 Am. Dec. 296; Hester v. Duprey, 46 Tex. 627; Young v. Smith, 23 Tex. 600, 76 Am. Dec. 81.

[6] It follows that from the allegations of the petition, which, being tested by a general demurrer, must be taken as true, that at the date of the levy upon and seizure of the piano by the constable the writ upon which he assumed to act was of no force and effect, and his acts in the premises were unauthorized, and that a sale of the piano thereunder would be void. We think, therefore, that the sale of the piano under such void writ should have been enjoined, and that the court erred in sustaining the general demurrer to this ground for relief. For the error indicated, the judgment of the court is reversed and the cause remanded.

Reversed and remanded.