## WARNOCK v. MARTIN.

### No. 3366.

Court of Civil Appeals of Texas. El Paso.

April 16, 1936.

T. M. Milam, of Fort Stockton (W. C. Jackson, of Fort Stockton, of counsel), for appellant.

Hart Johnson, of Fort Stockton, for appellee.

HIGGINS, Justice.

On November 29, 1932, in cause No. 292, in the 112th district court of Pecos county, Jack Hawkins recovered judgment for $8,299.50 against the Stockton Building Association. Execution was issued and levied February 13, 1933, by the sheriff of Pecos county, upon certain furniture belonging to and situate in a hotel owned by said association. The furniture was advertised to be sold April 4, 1933. On March 9, 1933, upon application of J. A. McDonald, in cause No. 352, and on ex parte hearing, the court placed all of the property of said association in the hands of a receiver. In this connection, see Johnson v. McDonald, 73 S.W.(2d) 128, where the receivership was ordered to be vacated by judgment of this court of June 7, 1934.

On April 3, 1933, upon ex parte hearing and application of J. A. McDonald, as plaintiff in said cause No. 352, the sheriff was temporarily enjoined from selling said furniture under the execution and levy aforesaid until the further order of the court. January 21, 1935, the receivership was vacated. Causes 252 and 352 were consolidated, and on May 20, 1935, a judgment was entered therein, which, inter alia, vested in E. H. Warnock, intervener, as against J. A. McDonald, Jack W. Hawkins, and others, title to above mentioned judgment in favor of Jack Hawkins.

On February 19, 1935, Will A. Martin, receiver of the First National Bank of Fort Stockton, Tex., recovered a judgment for $500 against said Stockton Building Association with foreclosure of an attachment lien as of February 8, 1935, on the furniture previously levied upon under the execution issued on the Hawkins judgment. The attachment was issued February 7, 1935. On February 8, 1935, a writ of venditioni exponas was issued by the clerk of the court directing the sheriff to sell the furniture which had been previously levied upon by virtue of the execution issued on the Hawkins judgment. The present suit was filed February 18, 1935, by the Receiver Martin against the sheriff and E. H. Warnock to enjoin the sale of the furniture under the writ last mentioned and seeking to have Martin's attachment lien decreed to be a superior lien upon the property. Temporary writ of injunction was issued. Upon final hearing the court entered judgment decreeing the superiority of the attachment lien and permanently enjoining the sale of the furniture under the writ of venditioni exponas from which Warnock appeals.

Separate findings and conclusions were not filed by the court below, but a recital in the judgment shows the court was of the opinion Warnock and his assignor, Hawkins, lost all liens that had existed in their favor against the property. Appellee seeks to sustain the judgment upon the theory that Warnock lost his execution lien for lack of diligence in enforcing same. This position cannot be sustained.

The sale originally advertised to be held on April 4, 1933, was temporarily enjoined, and the record does not show such injunction has ever been dissolved. Warnock cannot be charged with want of diligence in seeking another sale as long as such injunction was in effect. Furthermore, the property was in custodia legis

by virtue of a receivership until January 21, 1935. On the 18th day after the receivership was vacated the writ of venditioni exponas issued at the instance of appellant. This delay cannot be regarded as showing lack of diligence, especially in view of the fact that the record indicates others were claiming to own the Hawkins judgment and the attack upon appellant's title to the same was not settled until the judgment of May 20, 1935, rendered in the consolidated causes. Furthermore, the property levied upon was personal property, and the issuance of the writ of venditioni was perhaps not necessary to authorize the sheriff to proceed to sale under the levy of February 13, 1933. Young v. Smith, 23 Tex. 598, 76 Am.Dec. 81; Haney v. Millikin, 2 Willson, Civ. Cas.Ct.App. § 221.

But it was the better practice to have the writ of venditioni exponas issued though the property involved was personal rather than real property.

Reversed and rendered.