A. M. FRENCH ET AL. V. W. A. MCGINNIS ET AL.

No. 562.

1. **Sheriff's Sale After Return Day.**—Under the law in force in 1851, executions from Justice Courts were required to be returned in sixty days, and a sale made by virtue of such execution after the return day must be held a nullity.

2. **Ancient Instrument—Sheriff's Deed—Presumption.**—There must be sufficient proof of the loss or destruction of the execution and judgment in order to warrant a presumption of the truth of the recitals thereof in a sheriff's deed, although such deed be an ancient instrument.

APPEAL from McMullen.   Tried below before Hon. M. F. LOWE.

*McCampbells & Welsh* and *Frank Feuille,* for appellants.—An original sheriff's deed, offered as an ancient instrument, coming from proper custody, free from suspicion, more than forty-three years old at date of trial, duly recorded for more than forty-three years, reciting the execution on which it is based, the justice of the peace who issued it, its date, and the levy and sale of the land well described thereunder, is admissible in evidence as a muniment of title, where the same is offered with evidence showing that the original records, books, and papers of the justice of the peace who issued the execution are lost or destroyed, or by the utmost use of diligence and search can not be found, had, or obtained, and that the justice has been dead for more than thirty years.   Pasch. Dig., arts. 1182–1185; Stooksbury v. Swan, 85 Texas, 563; Giddings v. Day, 84 Texas, 605; Ruby v. Van Valkenburg, 72 Texas, 459; French v. McGinnis, 69 Texas, 21; Tucker v. Murphy, 66 Texas, 356; Baker v. Coe, 20 Texas, 430; White v. Jones, 67 Texas, 638.

*F. H. Burmeister, J. H. Eckford,* and *Beasley & Flournoy,* for appellees.—In appellant's proposition it is assumed that the evidence offered was competent and sufficient to establish the loss of the records of the Justice Court out of which the execution purports to have been issued. Appellees object to this assumption, as not being well founded.

Our reasons for contesting the sufficiency of the evidence offered by appellees in the court below to establish the loss of the records of the Justice Court, are:   "It was not shown that two out of the three defendants to the suit did not have a copy of the record, and could not produce the same, or did not know where such copy, or the original records and papers pertaining to the suit, might be found; Ayers, the plaintiff in execution and the purchaser at the execution sale, was not shown to be dead, and no inquiry is shown to have been made of him; no inquiry is shown to have been made of the successor in office of A. Stewart, the justice who purports to have issued the execution, nor was his death proven; no inquiry is shown to have been made of the vendors of defendants; and finally, no evidence whatever was introduced proving or tending to prove that any judgment ever existed.

The proof was not sufficient. Baldwin v. Goldfrank, 26 S. W. Rep., 155; Mills v. Herndon, 60 Texas, 353; Garner v. Lasker, 71 Texas, 431; Harrison v. McMurray, 71 Texas, 122; Johnson v. Simmons, 50 Texas, 52; Johnson v. Shaw, 41 Texas, 428; Watrous v. McGrew, 16 Texas, 506; Smith v. Swan, 22 ·S. W. Rep., 247; Davis v. Pierson, 26 S. W. Rep., 241; 69 Texas, 30; 67 Texas, 638; 66 Texas, 355; 85 Texas, 561; 84 Texas, 605; 72· Texas, 459; Trumble v. Edwards, 84 Texas, 497; Hill v. Taylor, 77 Texas, 299.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by the appellees as the heirs of Joseph McGinnis, against appellants, to recover one-third of a league of land. The appellants claimed the land through an instrument purporting to be a deed from Thomas S. Parker, sheriff of Nueces County, to David Ayres. The case was tried by the court without a jury and judgment rendered for appellees, and this is the third appeal from judgments in their favor. The opinions on the other two are in 69 Texas, 19, and 3 Texas Civil Appeal, 86.

The land in controversy was patented by the State of Texas to Joseph McGinnis on the 23rd day of October, 1849. Prior to the institution of this suit Joseph McGinnis died intestate, unmarried, and without issue. The appellees are his brothers and sisters and their descendants, and as such inherited his estate, which includes the land involved in this suit.

*Conclusions of Law.*—The appellants in their brief have expressly waived all their assignments of error except one. It complains of the court's failure to allow the appellants to introduce in evidence, as an ancient instrument, the following deed, viz:

"STATE OF TEXAS, }
"County of Nueces. }

"Know all men by these presents, that whereas, an execution having been issued by A. Stewart, a justice of the peace in and for the county of Galveston, and State aforesaid, directed to the undersigned as the sheriff of said county of Nueces, in favor of David Ayers, and against Joseph McGinnis, bearing date of the 26th day of May, A. D. 1851, and I, the said sheriff, having levied upon, as the property of said McGinnis, a certain tract of land hereinafter subscribed, and having advertised the same for sale according to law, did on the first Tuesday in the month of August, instant, offer the same for sale at public auction at the court house door of said Nueces County, in the town of Corpus Christi, between the hours prescribed by law; and David Ayers having bid the sum of ten dollars for said tract of land, which being the highest and best bid therefor, it was struck off and sold to said Ayers. Now know all that I, the undersigned Thomas S. Parker, sheriff of said county of Nueces, by virtue of the power in

me vested by law, for and in consideration of the promises and the sum of ten dollars to me in hand paid by the said David Ayers, have this day and do hereby grant, bargain, sell, and convey unto the said David Ayers the aforesaid tract of land known and described as follows [here follows description], to have and to hold the above granted tract of land to the said Ayers, his heirs and assigns forever.

"In testimony whereof, I have hereunto set my hand and scroll for seal, this 5th of August, A. D. 1851.

[Signed]     "THOS. S. PARKER,     [Seal]<br>"Sheriff N. C."

We are of the opinion that the testimony offered by appellants, together with the recitals in the deed, is not sufficient to establish a judgment and execution against Joseph McGinnis, or a valid sale of his property thereunder; and that the court did not err in refusing to admit the deed in evidence.

Under the law in force at the time the deed recites the execution as bearing date, executions from Justice Courts were required to be returned in sixty days, and it was made the duty of the officer to whom any such execution was directed to execute and return the same on or before the return day thereof. O. & W. Dig., arts. 859, 1131. And it has been held in an opinion, adopted by the Supreme Court of this State, "that a sale of land under an execution made after the return day thereof is a nullity and the purchaser acquires no title thereby, is well settled" by certain decisions of the court of last resort in this State. If such is a "well settled" principle in Texas, a question—on account of its seeming conflict with expressions of the Supreme Court in other cases (Lockridge v. Baldwin, 20 Texas, 304; Irvin v. Ferguson, 83 Texas, 495), as well as with the common law (Freeman on Executions, section 106, page 231)—which we refrain from passing upon, it might be conceded that the evidence offered to establish the loss or destruction of the supposed judgment and execution was sufficient to warrant the presumption of the truth of the recitals in the deed; yet, as the recitals show that the sale was made after the execution was returnable, the invalidity of the deed would be shown by such presumption of the truth of its recitals. However, our opinion is not based upon this ground, but upon the insufficiency of the testimony to warrant the presumption of the truth of the recitals in the deed.

*Affirmed.*

Delivered February 6, 1895.