BLANTON BANKING CO. v. TALIAFERRO.
(No. 9125.)

(Court of Civil Appeals of Texas. Dallas.
May 10, 1924.)

1. Evidence ⬤=41—Appellate court judicially knows date of beginning of term of court in judicial districts.

Appellate court judicially knows date of beginning of term of district court in particular judicial districts.

2. Process ⬤=63—Citation, not served until two days after return date specified therein, held "functus officio" and void.

A citation, not served until two days after the return date specified therein, held, under Rev. St. arts. 1852, 1866, 1867, functus officio and insufficient to give court jurisdiction to proceed further against such defendant; "functus officio" being term applied to writ or process which has expired by its own terms or has become exhausted by having accomplished the purpose of its issuance.

[Ed. Note.—For other definitions, see Words and Phrases, Functus Officio.]

Error from District Court, Grayson County; Silas Hare, Judge.

Action by J. C. Taliaferro, Jr., against the Blanton Banking Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Pritchett Harvey, of Houston, for plaintiff in error.

E. W. Neagle, of Sherman, for defendant in error.

LOONEY, J. This suit was filed on December 20, 1922, in the district court (Fifteenth district) of Grayson county by J. C. Taliaferro, Jr., against Blanton Banking Company, a corporation having its domicile in Harris county, Tex., to recover balance due of $1,000 on a note, with interest and attorney's fees. Citation in legal form was issued on December 20, 1922, returnable the first Monday in January, 1923. Service on defendant, as shown by the sheriff's return, was not obtained until January 3, 1923, two days after return day. Judgment by default was rendered on this service against the defendant on April 3, 1923, for the full amount, principal, interest, and attorney's fees sued for. The case is before us on writ of error sued out by the defendant.

[1] This court judicially knows that a term of the district court of Grayson county for the Fifteenth judicial district of Texas began on the first Monday in January, 1923, and that the same was the first day of the month.

[2] Plaintiff in error contends that the citation became functus officio and void after the return day, and that the service obtained thereunder was void and failed to give the court jurisdiction over defendant, and that

the judgment by default rendered against it is a nullity. This contention is correct.

The error complained of is apparent on the face of the record, is fundamental in nature, compelling a reversal of the judgment below and a remanding of the cause.

Article 1852 of the Revised Statutes requires citations to contain in part the following:

"Such citation shall be directed to the sheriff or any constable of the county where the defendant is alleged to reside or be, and shall command him to summon the defendant to appear and answer the plaintiff's petition at the next regular term of the court, stating the time and place of holding the same," etc.

Article 2180 has this provision:

"Unless otherwise specially provided by law, every such writ and process [meaning all writs and process] shall be directed to the sheriff or any constable of the proper county, shall be made returnable on the first day of the next term of the court after the issuance thereof," etc.

Article 1866 provides for the issuance of alias process in case the writ has been returned without service or has been improperly served, and article 1867 commands that "the citation shall be served before the return day thereof."

These statutory provisions are mandatory and cannot be disregarded. A citation that has expired by its terms, as where the return day mentioned has passed, is functus officio and affords no authority whatever for further action thereunder.

"Functus officio" is a term applied to a writ or process that once had life, but has expired by its own terms, or has become exhausted by reason of having accomplished the purpose of its issuance. In either case, the writ is of no further force or authority, as was held in Faull v. Cooke, 19 Or. 455, 26 Pac. 662, 20 Am. St. Rep. 836, that, when no levy was made under an execution until after its return day had expired, the writ was functus officio and conferred no authority whatever, and any attempted levy and sale by virtue of it were nullities.

This rule is thoroughly well recognized in this state. A very early case on the subject is Towns v. Harris, reported in 13 Tex. 513, 514, in which Judge Lipscomb used the following language:

"The execution in favor of Wright seems to have been issued on the 25th [day of] January, 1840, and under the statute before noticed, was returnable on the 26th day of April, A. D. 1840, to make it within ninety days. It would seem, then, that on the 5th [day] of May, 1840, when the sale on a credit and the twelve months' bond purports to have been made, that the execution had previously become functus officio, and the sale and bond taken under it were void."

The same doctrine was announced in the case of Hester v. Duprey, 46 Tex. 626, in an opinion by Chief Justice Roberts, as follows:

"The execution was returnable on the first day of the term, which was on the 6th day of November, 1871, and the sale took place, as shown by the sheriff's return and deed, on the first Tuesday of November, 1871, which was the seventh day of said month. * * * The land having been sold by the sheriff, under the writ of execution, one day after it was functus officio, the sale was void, and conveyed no title to Hester"—citing the case of Towns v. Harris, supra.

In Mitchell v. Ireland, 54 Tex. 306, Judge Bonner used this language:

"If the defendants below have no other title than that derived through sale made under execution after return day thereof, then such title, as has been expressly decided by this court, is a nullity, and would confer no right"—citing Hester v. Duprey, supra.

In the comparatively recent case of Reagan v. Evans, 2 Tex. Civ. App. 40, 21 S. W. 429, decided by the Court of Civil Appeals, Judge Pleasants said:

"From these averments, if true, * * * it is evident that the writ under which the sheriff was threatening to dispossess complainants had ceased by lapse of time to be of any force or effect. Such a writ has been repeatedly held to be void"—citing Hester v. Duprey, Mitchell v. Ireland, and Towns v. Harris, supra.

The exact question presented here was decided by Judge Willson in Harrington v. Harrington (Tex. Sup.) 16 S. W. 538, in the following language:

"A citation was issued March 29, 1888, returnable on the first Monday in April, 1888, and this citation was served upon the defendant June 25, 1888, and the judgment by default was rendered July 6, 1888. Service of a citation after the return day thereof is a nullity, and will not authorize a judgment by default."

The same court, in the case of Cobb v. Brown, reported in volume 3, Willson, Civ. Cas. Ct. App. § 314, p. 383, announced the rule as follows:

"Brown recovered judgment by default against Cobb. Citation in this suit was served upon Cobb October 7, 1885, two days after said citation was returnable. Held, such service was void. A citation must be served before the return day thereof. * * * At the date of the service of said citation it was impossible for the defendant to appear and answer on the day named therein for him to do so."

These authorities are conclusive. The judgment of the court below will be reversed, and the cause remanded.

Reversed and remanded.