**TANNER et al. v. GRISHAM.  (No. 232.) ***

(Court of Civil Appeals of Texas. Eastland. Nov. 12, 1926.  Rehearing Denied Dec. 31, 1926.)

1. Homestead ☞216—Findings that defendants did not intend to return to property as homestead, and that they had not abandoned such intention, held not conflicting.

Jury's findings that defendants did not intend to return to certain property and live on it as homestead, and that they had not abandoned such intention, held not conflicting, since, if they had no intentions to return, they had nothing to abandon.

2. Trial ☞296(2)—Instruction that acts of judgment debtor, who claimed property sold as homestead, could be considered, after transferring property to wife, if error, held cured.

In suit by purchaser at execution sale against judgment debtor who transferred property to wife, and also claimed it as homestead, charge that jury could consider debtor's acts after date of deed to wife, if error, held cured by instruction that husband's offer to sell or rent did not constitute abandonment of homestead rights.

3. Fraudulent conveyances ☞289(2)—Judgment debtor's acts and letters offering to sell property, after transfer to wife, held admissible to show fraud in transfer.

Acts of judgment debtor, after transferring land to wife, and letters to real estate agent offering to sell or rent property, held admissible to show fraud in transfer.

4. Execution ☞283—Execution and judgment held admissible in action against judgment debtor by purchaser at execution sale, who was assignee of judgment.

In action by purchaser at execution sale against judgment debtor, admission of execution with amended return, and of judgment, held proper, where judgment had been assigned to plaintiff.

5. Execution ☞338—Sheriff may correct date of return on execution after return date, though not then in office.

Sheriff may correct date of return on execution subsequent to return date, though he was not then in office.

6. Execution ☞256(2)—Evidence held to show valid execution sale.

Evidence held to show valid execution sale to plaintiff, though sheriff had first made deed to judgment creditor.

7. Execution ☞320—Recitals in sheriff's deed take precedence over those of return or execution.

Recital in sheriff's deed as to who purchased at execution sale governs, regardless of any irregularities in execution or return thereof.

Appeal from District Court, Eastland County; Elzo Been, Judge.

Suit by R. C. Grisham against J. M. Tanner and others, in which plaintiff dismissed as to defendant F. G. Hoffman. Judgment for plaintiff, and named defendant and another appeal. Affirmed.

Sayles & Sayles, of Eastland, for appellants.

Grisham Bros., of Eastland, for appellee.

LITTLER, J.  This suit was brought by R. C. Grisham, appellee herein, against the appellants, J. M. Tanner and wife, and one F. G. Hoffman. R. C. Grisham was plaintiff in the court below, and the appellants were defendants. Plaintiff dismissed as to Hoffman, and the appellants are J. M. Tanner and wife, Myrtle A. Tanner.

Plaintiff alleges that: On September 12, 1922, J. M. Tanner became indebted to A. T. Culberson in the sum of $5,000, and took judgment against the said Tanner on October 8, 1923, in the sum of $5,456.25. Execution issued out of said judgment in favor of the

said Culberson, and was levied upon the property in controversy in the instant suit. That said property was sold on December 4, 1923, at a sheriff sale, and bought in by the plaintiff appellee for the sum of $600. That, after J. M. Tanner became indebted to A. T. Culberson, he made a purported deed to his wife, Myrtle A. Tanner, for a recited consideration of $10 on the 15th day of December, 1922. That on November 19, 1923, after the levy of the execution on the property involved in this suit, J. M. Tanner filed for record a designation of homestead on the property in question.

Plaintiff alleged that the deed from J. M. Tanner to his said wife was for the sole and only purpose of defrauding his creditors and placing said property beyond the reach of the said A. T. Culberson, and in truth and in fact no consideration was paid by Myrtle A. Tanner therefor, and with the same intent and fraudulent purpose the designation of homestead was made by the said J. M. Tanner.

Other allegations were made with reference to the rental value of the property, the liability of Hoffman therefor, but the same as to said Hoffman was dismissed.

Defendants appellants filed their original answer, containing general demurrer, general denial, and further: That prior to December 15, 1922, the property was the homestead of the defendants; that on the 15th day of December, 1922, J. M. Tanner, in good faith for value, sold the said property to his wife, Myrtle A. Tanner, as a separate estate, and that the said property is now her separate property, and the homestead of herself and family; that said deed was filed for record on December 16, 1922, and prior to the time that plaintiff purchased the property at the execution sale; and pleaded that the plaintiff was charged with knowledge of the deed so recorded to Myrtle A. Tanner; alleged that the sheriff's deed to plaintiff was void because of the homestead and separate property rights of Myrtie A. Tanner, and that it constitutes a cloud upon the title of Myrtle A. Tanner, which should be forever removed, and defendants appellants prayed for judgment that plaintiff take nothing; that the clouds be removed from the title of Myrtle A. Tanner by virtue of the claims of the plaintiff, and for cost of suit.

[1] The case was tried before a jury upon special issues as follows:

Special Issue No. 1. Was the property involved in this suit the homestead of Myrtle A. Tanner and her husband on December 15, 1922? Answer "Yes" or "No." Ans. "No."

If you have answered the above question No. 1 "yes," then you need not answer the following question, but, if you have answered "No," then please answer:

Special Issue No. 2. Was it the intention of Myrtle A. Tanner and her husband at some future time to return to the same and live in it as their homestead? Answer "Yes" or "No." Ans. "No."

Special Issue No. 3. Had Myrtle A. Tanner and husband, on December 15, 1922, abandoned their intention, if they had any such intention, to return to Eastland, Tex., and live on the property as their home? Answer "Yes" or "No." Ans. "No."

The evidence showed that the deed was first made to A. T. Culberson, but the sheriff did not deliver same, for the reason that the cost had not been paid, and that R. C. Grisham, instead of A. T. Culberson, was the purchaser of said sale, and thereafter he changed the deed so as to cause it to read "R. C. Grisham," and thereupon R. C. Grisham paid the cost, took up the deed, and the balance of the consideration was credited on the judgment.

The return on the execution shows that the land was sold to R. C. Grisham, and deed made to him. Upon the said verdict the court entered judgment decreeing the property to the plaintiff, R. C. Grisham, and canceling and holding for naught the deed from J. M. Tanner and his wife, Myrtle A. Tanner, and also decreed cancellation of the designation of homestead made by J. M. Tanner, to which action of the court defendants in open court excepted, and gave notice of appeal, and the cause is now before this court for review.

Appellant presents seventeen assignments of error; the first four complain of the action of the court in rendering judgment upon the verdict of the jury on account of the answers of special issues 2 and 3 being contradictory and irreconcilable. We do not believe there is any merit in these assignments after a close inspection of special issues 2 and 3.

It will be observed in special issue 2 the jury holds that it was not the intention of defendants to return to the property in Eastland for the purpose of making same their homestead. In special issue No. 3 the jury holds that defendants had not abandoned their intention of returning to said property as homestead.

It is evident that, if they had no intention to return, they had nothing to abandon, and the jury, in answering "No," evidently meant but one thing in the light of the other questions answered, and that was to find that they had no intention in the first place, and therefore had nothing to abandon. This disposes of assignments 1, 2, 3, and 4.

[2] The fifth assignment complains of the error of the court in charging the jury that they were authorized to take into consideration the acts of the defendant J. M. Tanner after December 15, 1922; the same being date of deed from J. M. Tanner to his wife, Myrtle A. Tanner. This, perhaps, would be error if the court had not in its charge instructed the jury that offers by the husband to sell the property or to rent same does not

constitute an abandonment of the homestead rights.

It appears from the record that all the acts of defendant after date of deed were to write letters to J. F. McWilliams, a real estate agent in Eastland, Tex., in which he offered to sell or rent the property in question; hence we conclude that the instruction complained of could not have misled the jury, and could not have influenced them in arriving at their verdict that said property was not the homestead of defendants, and that, if there was error in submitting the charge that the jury could take into consideration all the acts of defendant, it was cured by the further charge as above stated, especially coupling this with the fact that defendant J. M. Tanner, almost a year after making the deed to his wife, designated said property as his homestead, and the further fact, as shown by the record, that J. M. Tanner was indebted to A. T. Culberson at the time he deeded the property to his wife, the wife testifying that there was no consideration passed for the conveyance from her husband to her.

[3] And again plaintiff alleged fraud in the transfer of said property from J. M. Tanner to his wife, Myrtle A. Tanner, and asked for the cancellation of the deed.

The acts of the husband certainly could be taken into consideration upon the question of fraud, and especially is this true, as we find him almost a year after deeding the property to the wife, designating same as his own individual homestead, indicating that he still considered said property as his own and not that of his wife. Hence we conclude that there is no merit in this assignment, and that the same should be overruled.

We therefore conclude that, if there was error in submitting said issue to the jury, it was not such an error as would justify a reversal of the case.

[4] The sixth assignment of error complains of the court in permitting plaintiff to offer in evidence the judgment of A. T. Culberson against J. M. Tanner. This assignment is overruled, for the reason that the evidence shows that said judgment was for a valuable consideration transferred and assigned to plaintiff, R. C. Grisham.

[5] Assignment No. 7 complains of the action of the court in permitting the sheriff to correct the date of return on the execution on the ground that the sheriff was not then in office, and therefore could not legally make the correction. Our courts have held the sheriff can make correction of return on execution at any time.

In the case of Holmes et al. v. Buckner et al., 67 Tex. 107, 2 S. W. 452, it is held:

"The purchaser's title at execution sale under a valid judgment, the proceedings prior to sale being regular, becomes perfect on the execution and delivery of the deed, and cannot be affected by any irregularities in the return made of the execution by the sheriff. The re-

citals in the deed, if in conflict with any facts stated in the sheriff's return, will control."

In the case of Moore v. Miller (Tex. Civ. App.) 155 S. W. 579 (bracket 20), it is also held:

"Again, the constable's return recites the publication of the notice, but the deed recites only notice of sale by posting; and it is held that in a conflict between the sheriff's deed and his return the recitals in the deed always control."

Assignment No. 8 complains of the action of the court in permitting plaintiff to introduce in evidence the execution with its purported amended return by the sheriff issued out of cause No. 10340, styled A. T. Culberson v. J. M. Tanner. This assignment is overruled, for the reason that the judgment which was the basis for the execution had been assigned to R. C. Grisham, and for the further reason that the recitals in a sheriff's deed take precedent over the recitals in the sheriff's return on an execution. Holmes et. al. v. Buckner et al., supra; Moore v. Miller, supra.

Assignment No. 9 complains of the action of the court in permitting plaintiff to introduce in evidence certain letters written by J. M. Tanner to his agent, J. F. McWilliams. This assignment is overruled for the same reason given for the overruling of assignment No. 5.

Assignments Nos. 10 and 11 complain of the action of the court in refusing to preemptorily instruct the jury to bring in a verdict for the defendant.

We do not deem it necessary to incumber this opinion by setting out the evidence, but we conclude that the evidence was sufficient to justify the court in submitting the issues to the jury.

[6] Assignment No. 12 complains of the action of the court in rendering judgment in favor of plaintiff, for the reason plaintiff failed to show a valid sale of said property to him as required by law.

The evidence, as disclosed by the testimony of Ed Bettis, deputy sheriff, and J. S. Grisham, is conclusive to the effect that R. C. Grisham was the purchaser of said property at the sale, but that the sheriff made the deed to A. T. Culberson, and that, after Culberson failed to pay the cost and take up the deed, the sheriff was instructed to make the deed to R. C. Grisham instead of A. T. Culberson, and was advised at said time that R. C. Grisham was the purchaser at said sale, and not A. T. Culberson, and that the sheriff did then make said sheriff's deed to R. C. Grisham, plaintiff herein, and delivered said deed to R. C. Grisham, and that said Grisham paid the cost in said suit; the said R. C. Grisham having theretofore purchased the judgment belonging to A. T. Culberson and against the appellant J. M. Tanner.

The sheriff's return shows that the sale

was made to R. C. Grisham, the cost paid, and deed delivered to R. C. Grisham. The evidence is that R. C. Grisham was the owner of the judgment, having purchased same from A. T. Culberson. The sheriff's deed to plaintiff, R. C. Grisham, shows that he was the purchaser at said sale. From the above facts, we conclude that said assignment should be overruled.

Assignment No. 13 reads as follows:

"The court erred in rendering judgment for plaintiff because the jury found in answer to special issue No. 3, requested by defendants and submitted to it by the court, that the change in the return on the execution in the case of A. T. Culberson v. J. M. Tanner was made on January 25, 1925, at a time subsequent to the return date in such execution, and such execution had become dead, functus officio, and there was therefore no valid execution to support any sale of the property to plaintiff."

This assignment is overruled for the same reasons given for the overruling of assignments Nos. 7 and 8. Holmes et al. v. Buckner et al., supra, and Moore v. Miller, supra.

Assignment No. 14 reads as follows:

"The court erred in rendering judgment for plaintiff because the undisputed evidence shows that the only sale made under and by virtue of the only execution issued out of cause No. 10340, styled A. T. Culberson v. J. M. Tanner, was made to A. T. Culberson on the 4th day of December, 1923, who failed to comply with his bid, and such execution was returned by the sheriff of Eastland County on October 11, 1924, showing no valid sale was made under and by virtue of such execution."

The testimony is conclusive that the original sheriff's sale was made to R. C. Grisham, but that, on account of an error as made in the sheriff's deed, it was made to A. T. Culberson, when it should have been made to R. C. Grisham, and that, when the error was called to the attention of the sheriff, the proper name of the grantee was inserted in the deed and presented to R. C. Grisham, and at which time the costs were paid and the deed delivered; the judgment of A. T. Culberson against J. M. Tanner having previously been purchased by R. C. Grisham.

[7] The deed from the sheriff to plaintiff, R. C. Grisham, recites that the property was sold to R. C. Grisham, and under the holding in Holmes et al. v. Buckner et al., supra, the recital in the deed governs, regardless of any irregularities in the execution or return thereon; hence we conclude that the assignment is not well taken, and it is accordingly overruled.

Assignments 15, 16, and 17 raise the same question as assignment No. 14, and are disposed of by our conclusion as the assignment No. 14.

Finding no reversible error, the cause is affirmed.