### TANNER et al. v. GRISHAM.
### (No. 961—4783.)

Commission of Appeals of Texas, Section A.
June 4, 1927.

1. Execution ⚙═➤233—Sale of realty under execution is not effected until successful bidder complies with bid (Vernon's Ann. Civ. St. 1925, art. 3822).

A sale of real property under execution is not effected until the successful bidder has complied with his bid, in view of Vernon's Ann. Civ. St. 1925, art. 3822.

2. Execution ⚙═➤236—Successful bidder at execution sale of realty, failing to comply with bid before return day, had no title.

Successful bidder at execution sale of realty, who failed to comply with bid on or before

return day of execution, had no title either legal or equitable.

**3. Execution ⬳221—After return day, execution authorizing sale was functus officio.**

Where successful bidder at execution sale of realty failed to comply with bid on or before return day, after return day the execution authorizing sheriff to make the sale was functus officio.

**4. Execution ⬳221—Sale of realty after return day of execution is void.**

Sale of real property, made after the return day of execution, is void.

Error to Court of Civil Appeals of Eleventh Supreme Judicial District.

Suit by R. C. Grisham against J. M. Tanner and others. Judgment for plaintiff was affirmed by the Court of Civil Appeals (289 S. W. 146), and defendants bring error. Reversed and remanded.

Sayles & Sayles, of Eastland, for plaintiffs in error.

Grisham Bros., of Eastland, for defendant in error.

BISHOP, J. Defendant in error filed this suit in the Eighty-eighth district court of Eastland county against J. M. Tanner and Myrtle A. Tanner for the possession of a lot of land situated in the old town of Eastland in Eastland county, Tex., and to cancel a deed executed by J. M. Tanner to Myrtle A. Tanner and a designation of a homestead executed and recorded in said county, designating said property as the homestead of himself and wife, Myrtle A. Tanner, and in his petition he alleged that one A. T. Culberson recovered a judgment against J. M. Tanner for the sum of $5,456.25 on October 8, 1923; that on November 7, 1923, execution was issued on said judgment and duly levied by the sheriff on said property, which was advertised for sale as required by law on December 4, 1923, at which time same was sold by the sheriff to R. C. Grisham, who was "the highest and best bidder for said property, paying therefor the sum of $600."

In the district court he recovered judgment canceling the deed and homestead designation and for the possession of the property. This judgment was by the Court of Civil Appeals affirmed. 289 S. W. 146.

The execution was issued on this judgment November 6, 1923, and was made returnable January 6, 1924. On the day of sale on December 4, 1923, the bid of R. C. Grisham of $600 was the highest bid, and the property was by the sheriff declared sold on this bid. However, Grisham did not comply with his bid by tendering payment thereof until January 22, 1925. On October 10, 1924, the sheriff made return of the writ of execution, showing that the bid was not complied with.

[1-4] With reference to a sale under execution, our statutes (Vernon's Ann. Civ. St. 1925, art. 3822) provide that—

"When the terms of the sale shall not be complied with by the bidder, the sheriff shall proceed to sell the property again on the same day, if there is sufficient time; but if not, he shall readvertise and sell the same as in the first instance."

A sale of real property under execution is not effected until the successful bidder has complied with his bid. After January 6, 1924, the execution authorizing the sheriff to make sale was functus officio. At that time no sale had been made and no title either legal or equitable had vested in R. C. Grisham. The return of the writ of execution, showing that the bid had not been complied with, spoke the truth, and could not be so amended as to state as facts that which was untrue. A sale of real property, made after the return day of the execution, is void. Johnson v. Caldwell, 38 Tex. 217; Cain v. Woodward, 74 Tex. 549, 12 S. W. 319; Towns v. Harris, 13 Tex. 507; Young v. Smith, 23 Tex. 598, 76 Am. Dec. 81.

As defendant in error is not by this record shown to have acquired title to the lot in controversy, we recommend that the judgments of both courts be reversed, and the cause remanded to the district court.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals reversed, and cause remanded to the district court, as recommended by the Commission of Appeals.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.