## LEMOTHE v. CIMBALISTA by GATES.
### No. 12222.

Court of Civil Appeals of Texas.
San Antonio.
Jan. 24, 1951.

Rehearing Denied Feb. 21, 1951.

Eugene S. Hurt, Brownsville, Starley & Dennison, Pecos, for appellant.

Brown & Smith and Carter & Stiernberg, all of Harlingen, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by Patricia Cimbalista, by and through her next friend, Mrs. Mary Gates, in the 103rd District Court of Cameron County, against J. R. Lemothe, seeking to recover damages in the sum of $10,000, alleged to have resulted from an automobile collision. Citation was issued on May 13, 1949, and was served on defendant on September 22, 1949, in Ward County, Texas. The citation carried the following directive: "If this citation is not served within ninety days after date of its issuance it shall be returned unserved." Thus it appears that the citation was served some forty-two days after it should have been returned to the Clerk of Cameron County, unserved.

Based upon this service, judgment by default was rendered against the defendant, J. R. Lemothe, and the case is now pending in this Court upon a writ of error timely sued out by J. R. Lemothe.

The question here presented is, does the service of a citation upon a defendant more than ninety days after it has been issued perfect such service on the defendant as will support a judgment by default? Rule 101, Texas Rules of Civil Procedure, provides, among other things, that the citation shall direct "that if it is not served within 90 days after date of its issuance, it shall be returned unserved", and the citation in this case contained this provision. Appellee contends that the provision is not mandatory but is merely directory and that a citation

does not become *functus officio* ninety days after the date of its issuance. We overrule this contention. If a citation does not become *functus officio* ninety days after it is issued, then the above quoted provision of Rule 101 would have no meaning whatever, because under such an interpretation of the rule a sheriff could keep a citation any length of time and then serve it with effect. The provision of Rule 101, Texas Rules of Civil Procedure, and all other rules relating to the issuing and serving of processes are generally regarded as mandatory, and failure to comply with such rules renders the service thereunder of no effect. Firman Leather Goods Corp. v. McDonald & Shaw, Tex.Civ.App., 217 S.W.2d 137; Mitchell v. Rutter, Tex.Civ. App., 221 S.W.2d 979; Pruitt v. State, 92 Tex. 434, 49 S.W. 366; Blanton Banking Co. v. Taliaferro, Tex.Civ.App., 262 S.W. 196.

Article 2022, Vernon's Ann.Civ.Stats., prior to its repeal by the Rules of Civil Procedure in 1939, required that the citation summon the defendant to appear and answer at the first day of the next regular term of the court, stating the time and place of the holding of same. Such a citation became *functus officio* on the first day of the term of court to which it was made returnable. Blanton Banking Co. v. Taliaferro, supra; Harrington v. Harrington, 4 Willson, Civ.Cas.Ct.App. § 44, 16 S.W. 538; Leach v. City of Orange, Tex.Civ.App., 46 S.W.2d 1047.

The provision in Rule 101 that the citation be returned unserved ninety days after it is issued, is no doubt intended to take the place of the above provision in said Article 2022, and its purpose is to render a citation not served ninety days after the date of its issuance *functus officio*. Under the provisions of Rule 101, the defendant is cited to appear and answer plaintiff's petition at or before 10:00 o'clock a. m. of the morning next after the expiration of twenty days from the date of service of citation, and but for the provision requiring the citation to be returned ninety days after its issuance if not served, there would be nothing to prevent a citation from being served years after it was issued.

The language used in Rule 101, supra, is practically the same as found in Article 3784, prior to its repeal by the Rules of Civil Procedure in 1939. Rules 621 and 629, T.R.C.P. That article read: "The execution shall be returnable to the first day of the next term of the court, or in thirty, sixty or ninety days, if so directed by the plaintiff, his agent or attorney." While this article was in effect there were a number of decisions holding that an execution became *functus officio* after its return date, and any attempt to execute it after such time was of no effect and wholly void. Reynolds v. Farmers & Merchants Nat. Bank of Nocona, Tex.Civ. App., 135 S.W.2d 556; Mitchell v. Ireland, 54 Tex. 301; Robinson v. Monning Dry Goods Co., Tex.Civ.App., 211 S.W. 535; French v. McGinnis, 10 Tex.Civ.App. 7, 29 S.W. 656; Tanner v. Grisham, Tex. Com.App., 295 S.W. 590, reversing, Tex. Civ.App., 289 S.W. 146; Towns v. Harris, 13 Tex. 507; Hester v. Duprey, 46 Tex. 625; Young v. Smith, 23 Tex. 598.

The fact that such language has uniformly been held to be mandatory even as applied to executions supports us in our conclusion reached herein.

■ The appellant in this case, having been served with a citation which had become *functus officio* by reason of the fact that it was not served within ninety days after it was issued, was not required to answer, such service was void, and the default judgment cannot stand.

Accordingly, the judgment will be reversed and the cause remanded.