## GRAVES v. GRIFFIN. (No. 192–3244.)

(Commission of Appeals of Texas, Section B. March 16, 1921.)

**1. Judgment ☞518 — Action held a collateral attack on a judgment, execution, and sale.**

An action, though in the briefest and simplest form of trespass to try title, *held*, in effect, a collateral attack on a judgment, execution, and sale.

**2. Execution ☞258 — Unless sale of land is void it cannot be collaterally attacked.**

Unless a sale of real estate under execution was absolutely void, it cannot be attacked collaterally in an action of trespass to try title.

**3. Judgment ☞251(2) — For defendant on matter not pleaded held erroneous.**

In an action of trespass to try title collaterally attacking a judgment and sale of real estate on execution, where there was no pleading therefor, it was error to render judgment for defendant for the money paid by him upon the land purchased at execution sale, and to admit or hear any parol proof.

**4. Execution ☞250 — Mere inadequacy of price will not avoid a sale of land.**

Mere inadequacy of price will not avoid a sale of land upon execution.

**5. Appeal and error ☞1175(1) — Cause may be remanded to trial court to serve the ends of justice.**

Where the record does not contain the findings of fact, and the court concludes that the ends of justice may be better served by reversal and remanding the cause to the trial court, the same may be done.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Action by Jim Griffin against D. R. Graves in trespass to try title. Judgment for plaintiff was affirmed by the Court of Civil Appeals, and defendant brings error. Reversed and remanded in part, and affirmed in part.

Graves & Houtchens and Jno. L. Poulter, all of Fort Worth, for plaintiff in error.

W. C. Prewitt, of Fort Worth, for defendant in error.

KITTRELL, J. ‑ Plaintiff, Jim Griffin, by a petition in the ordinary form of trespass to try title and in the briefest possible compass, sued to recover title to certain property described as follows: Lots Nos. 7 and 8 in block 47, Chamberlain's Arlington Heights addition to the city of Fort Worth; lots 23 and 24 in block 1 of the Shaw Heights addition to the city of Fort Worth; lots 15, 16, 17, 18, and 19 in block 6 of Shaw Heights addition to the city of Fort Worth. This property he owned on November 7, 1916.

Defendant disclaimed as to the Chamberlain's Arlington Heights addition property. While there is no allegation even indicating the fact, it is revealed by the findings of fact of the trial judge that the property had been levied on and sold as the property of plaintiff on November 7, 1916, and that it was bought by defendant, who was in no way connected with the action in which the judgment was rendered. The plaintiff in the original judgment against Griffin was not made a party to the action.

Defendant answered by general denial and plea of not guilty, and alleged the action brought by plaintiff was a cloud upon his title, which he prayed be removed. There was no supplemental pleading filed by either party, the case having been tried on the pleadings above outlined; which included no attack in any form on the validity of the judgment or the regularity of the execution.

There is no statement of facts in the record, but it appears from the findings of fact that considerable evidence was introduced over Graves' objection relating to value and matters of description and the defendant Graves' motion for a new trial shows that exceptions were taken to much of the testimony, but there are no bills of exception in the record, though there is reference in the motion to several bills of exception by number.

There was no pleading by plaintiff of a tender of the money which defendant paid for the property, nor did the defendant ask by primary or alternative pleading for judgment for it; yet the court found that the money was paid into court, and gave defendant judgment for it. The findings of fact and conclusions of law reveal that the court based his action, on the main, on two grounds:

(1) That the description of the property in the levy advertisement and in the deed was incomplete, ambiguous, and insufficient, in that it did not show whether the Shaw Heights addition property was in the Shaw Heights "First Filing" or Shaw Heights "Second Filing," which fact was calculated to prevent its bringing a fair price. The court found there were two filings, "First" and "Second," though there was no such allegation in plaintiff's pleading.

(2) The gross inadequacy of price paid by defendant, to wit, about one twenty-third of the value of the property.

As has been said, there were no pleadings setting up any of such grounds as the court finds, nor is there any statement of facts; the ground of action being deduced from the court's findings and conclusions, which, in order to a thorough understanding of the case, it will be helpful to set forth in full. They are as follows:

"I find that on and prior to November 7, 1916, the plaintiff, Jim Griffin, owned and possessed lots 23 and 24 in block 1 and lots 15, 16, 17, 18, and 19 in block 6 in Shaw Heights addi-

tion (First Filing) to the city of Fort Worth, in Tarrant county, Tex.; and also lots 7 and 8 in block 47 Chamberlain's Arlington Heights addition to the said city of Fort Worth, in Tarrant county, Tex., and is the common source of title.

"(2) That there are two Shaw Heights additions to said city of Fort Worth, known as First Filing and Second Filing. That lots in said First Filing are more valuable and desirable than lots in said Second Filing.

"(3) That on the 15th day of September, 1916, one F. H. Nuckells recovered a judgment against the plaintiff herein in the justice court precinct No. 1, Tarrant county, Tex., for the sum of $90, together with interest thereon from date at the rate of 6 per cent. per annum, and all costs of suit, amounting to the further sum of $14.79, which said judgment was a valid and subsisting judgment against plaintiff herein, Jim Griffin.

"(4) That on the 27th day of September, 1916, an execution was issued by the justice of the peace, who rendered said judgment and placed in the hands of the constable in and for said precinct No. 1, Tarrant county, Tex., and a levy was made by said constable thereunder on the following real estate to wit: Lots 23 and 24 in block 1 and lots 15, 16, 17, 18, and 19 in block 6 in Shaw Heights addition to the city of Fort Worth, Tarrant county, Tex.; also lots 7 and 8 in block 47 of Chamberlain's Arlington Heights addition to the city of Fort Worth, Tarrant county, Tex.

"(5) That thereafter said real estate was advertised to be sold under the following description: 'Lots 23 and 24 in block 1 and lots 15, 16, 17, 18, and 19 in block No. 6, Shaw Heights addition to the city of Fort Worth, Tarrant county, Tex.; also lots 7 and 8 in block 47 of Chamberlain's Arlington Heights addition to the city of Fort Worth, Tarrant county, Tex.' That said description failed to state in which filing of said Shaw Heights addition ('First or Second) said lots were located.

"(6) That on November 7, 1916, which was the first Tuesday in November, 1916, said constable executed said writ of execution announced, cried off and auctioned off lots 23 and 24 in block 1 and lots 15, 16, 17, 18, and 19 in block 6, Shaw Heights addition to the city of Fort Worth, Tarrant county, Tex., and also lots 7 and 8 in block 47 Chamberlain's Arlington Heights addition to said city of Fort Worth, each lot separately, selling the same for the total or aggregate amount of $81 to defendant herein, D. R. Graves; he being the only bidder at said sale.

"(7) That thereafter, on the same day, the constable made a deed to defendant herein, D. R. Graves, to lots 23 and 24 in block 1 and lots 15, 16, 17, 18, and 19 in block 6, Shaw Heights addition to the said city of Fort Worth, and also to lots 7 and 8 in block 47, Chamberlain's Arlington Heights addition to said city of Fort Worth.

"(8) That the filing (First and Second) of said Shaw Heights addition is not mentioned in the advertisement, was not mentioned in the crying or auctioning off at the constable's sale, and is not mentioned in said constable's deed to defendant.

"(9) That the said constable's deed is a cloud upon plaintiff's title.

"(10) That at the time of said sale, to wit, on November 7, 1916, the reasonable market value of plaintiff's said lots described in paragraph 1 hereof was the sum of $1,800, of which the Arlington Heights lots were at said time $400 in value.

"(11) That the description contained in the notices of sale and the advertisements made by said constable is incomplete and ambiguous, and insufficient to identify plaintiff's said lots, inasmuch as there are two filings of said Shaw Heights addition, and prospective buyers could not have known from said description in which of said filings said lots were located.

"(12) That the description as given by said constable at said sale and in his crying or auctioning off said lots was incomplete and ambiguous, and insufficient to describe or identify plaintiff's lots, as it failed to state in which filing of said Shaw Heights addition same were located, and had the effect of preventing bidders or buyers at said sale from bidding on said lots.

"(13) That the date of said sale, viz., November 7, 1916, was general election day.

"(14) That plaintiff, Jim Griffin, had arranged with Martin Casey & Co., or with some member of the company, to pay off said judgment of said Nuckells against him, in the event the said sale should be made on said November 7th, and they were able and willing to pay off said judgment.

"(15) That the consideration paid at said constable's sale was grossly inadequate, being only about one twenty-third of the reasonable market value of said lots so sold.

"Conclusions of Law.

"I conclude as a matter of law that said constable's sale should be set aside because the consideration paid thereat for plaintiff's said lots was grossly inadequate, and because said sale was attended by and made under the following irregularities:

"Incomplete, ambiguous, and insufficient description of plaintiff's lots in the notices of sale and advertisements thereon.

"Incomplete, ambiguous, and insufficient description of plaintiff's lots in the said constable's deed to defendant herein.

"Incomplete, ambiguous, and insufficient description of plaintiff's lots in the announcement, crying off, and auctioning off of same at said constable's sale.

"Such irregularities being calculated to prevent plaintiff's lots from bringing a better price.

"The foregoing findings of fact and conclusions of law are found and filed by me at the request of and upon the motion of the defendant.                    Bruce Young."

The court rendered judgment for plaintiff for all the property claimed by defendant, and for defendant against plaintiff for $81. Plaintiff in error was defendant in the trial court.

Opinion.

[1] The action of the plaintiff, though in the briefest and simplest form of trespass to try title, was, in effect, a collateral attack on the judgment, execution, and sale.

[2] Unless the sale was absolutely void, it

could not be so attacked. The irregularity of the sale of real estate under execution cannot be called in question collaterally. Ayres v. Duprey, 27 Tex. 593, 86 Am. Dec. 657; Boggess v. Howard, 40 Tex. 159; Smith v. Perkins, 81 Tex. 153, 16 S. W. 805, 26 Am. St. Rep. 794.

[3] The description in the levy advertisement and deed was identical with that contained in plaintiff Griffin's petition. Howard v. North, 5 Tex. 311, 312, 51 Am. Dec. 769.

There was no pleading, however, to base a judgment for defendant for the money paid by him for the property at the sale. He sought no such relief. Without pleading it was error to render such judgment, and for the same reason it was error to admit or hear any parol proof. Such has been the law from the case of Mims v. Mitchell, 1 Tex. 443, to Lewis v. Hatton, 86 Tex. 533, 26 S. W. 50, and even to later cases. "Evidence without pleading will not raise an issue." Railway Co. v. Harris, 95 Tex. 349, 67 S. W. 315.

In the case of Henry et al. v. Phillips, 105 Tex. 459, 151 S. W. 533, the administrator of one Patillo sued plaintiffs in error to cancel a deed executed by the decedent and quiet the title to, and recover possession of, certain land. The only pleading of plaintiff was such as sought to cancel the deed and recover possession, while that of defendants set up delivery of the deed and title by reason of that fact. Evidence was offered, it appears, without objection, to the effect that after the deed was delivered the grantor, Patillo, rendered the land for taxation and offered to sell it. There was judgment for defendants in the trial court, which judgment was reversed and rendered by the Court of Civil Appeals of the Sixth district. Upon writ of error to the Supreme Court, the judgment of the Court of Civil Appeals was reversed and that of the district court affirmed. The Supreme Court held that the evidence to the effect that Patillo rendered the taxation and offered to sell it after making the deed was inadmissible, first, because it was hearsay, and, second, because it was in disparagement of his deed, duly executed. The part of the opinion which is directly applicable to the instant case is as follows:

"While the admission of this testimony was not objected to by counsel for defendants, that fact would be important only in the event its admission was afterwards complained of as violative of a right reserved to defendants. Such incompetent testimony can never form the basis of a finding of facts in an appellate court, notwithstanding its presence in the record without objection. When the appellate court comes to apply the law to testimony constituting the facts of the case, it can only base its conclusion upon such testimony as is under the law competent. That which is not competent testimony should be given no probative force. The admission of such testimony is no talisman to give effect to that which is irrelevant and incompetent to sustain or deny a material issue in a case."

[4] The law is so clearly settled that mere inadequacy of price will not avoid a sale that it is not necessary to cite authorities upon that point.

[5] In view of the condition of the record, we have reached the conclusion that the ends of justice may be better subserved by remanding the case to the trial court. Such disposition of the case is authorized by abundant authority. Camden, etc., v. Yarbrough, 215 S. W. 842, and authorities therein cited.

We are not to be understood as expressing, or even intimating, an opinion in the present state of the record whether or not the constable's deed was void. We therefore recommend that, in so far as relates to the property described as being in the Shaw Heights addition, the judgments of the Court of Civil Appeals and of the district court be reversed, and the cause be remanded to the district court to be proceeded with in accordance with this opinion.

Plaintiff in error having disclaimed as to the property described as being in the Chamberlain's Arlington Heights addition, we recommend that as to that property the judgment be affirmed.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed in its opinion.