Jackie Lee Knolle KAHN et al., Appellants,

v.

C. J. MARIK et al., Appellees.

No. 12875.

Court of Civil Appeals of Texas.

Galveston.

Jan. 26, 1956.

Rehearing Denied Feb. 16, 1956.

C. C. Jopling, La Grange, for appellants.

W. I. Hill, Bellville, for appellees.

CODY, Justice.

This is a formal trespass-to-try-title action to an undivided ⅛th interest in a certain tract of land in Austin County, fully described in plaintiffs' pleadings. The action was instituted by C. J. Marik and Ralph Sternenberg against Jackie Lee Knolle Kahn and June Temple Knolle. George Williams was the agreed common source. The plaintiffs claimed under a general warranty deed from the said Williams to them dated October 29, 1949. The defendants were the sole heirs of Dr. Otto J. Knolle and they claim title through him.

The plaintiffs introduced their deed from George Williams, the common source, and rested. This, of course, made out a prima facie right in them to recover the title and right of possession to the land in dispute. The burden was then on defendants to prove that the title to the property before the date of the aforesaid deed had been divested out of George Williams and become vested in their ancestor, Dr. Knolle. It was the claim of the defendants that the title had been divested out of the said George Williams and into their ancestor by virtue of a judicial or involuntary sale held pursuant to a judgment in the case of Dr. Knolle v. George Williams, being numbered 1250 upon the docket of the Justice Court, Precinct No. 1, of Austin County, the judgment having been obtained on April 30, 1932. Said judgment and the procedure thereunder is more fully described hereinafter.

The court below, trying the case without a jury, rendered judgment for plaintiffs for the land in dispute. Then in response to defendants' request, the court made the following conclusions:

Findings of Facts

"1. Plaintiffs have a valid deed from a common source.

"2. Defendants did not prove—

"A. (The issuance of an) Execution authorizing the sheriff to sell the land (herein dispute) * * *."

and did not prove

"B. The publication in a newspaper of the notice of sale of land."

and did not prove

"C. The posting of notice of sheriff's sale."

Conclusions of Law

" * * * (that therefore the) plaintiffs have a valid deed and the (sheriff's) * * deed (under which defendants claim is not valid) * * *."

The defendants duly excepted to the court's aforesaid conclusions. The substance of said exceptions is carried forward in the points under which defendants

predicate this appeal and which are as follows:

1. That defendants' evidence was sufficient to compel the court to find that an execution was duly issued which authorized the sheriff to sell the land in dispute;

2. That the court's finding to the contrary was against the great weight and preponderance of the evidence;

3. That the court erred in holding that the sheriff's deed was void, because the undisputed evidence showed that, at most, the deed was only voidable and so in this collateral attack such deed cannot be voided; and,

4. That the evidence was not sufficient to show that the sale was void as not complying with the statute directing the judicial sale of real estate.

We sustain defendants' points.

As indicated above, plaintiffs made out a prima facie case when they introduced the deed to themselves from the common source and rested.

It thereupon became the burden of the defendants to show that prior to the date of the deed (October 29, 1949) defendants' ancestor acquired the title of George Williams, the common source since, as indicated above, defendants claim the deed under a judicial or involuntary sale. The burden was on defendants, not only to prove up the judgment which their ancestor obtained against George Williams, but to prove up that the sheriff was duly authorized, acting under the proper writ to sell the land claimed by defendants. It has long been the settled law of the State of Texas that a sheriff's deed is inoperative without proof being made of his authority to sell and that in order for a claimant under a sheriff's deed to show title became vested in the grantee therein it is necessary to introduce both the judgment and the writ issued thereon by which the sheriff made the sale. Wofford v. McKinna, 23 Tex. 36.

By statute each justice of the peace is required to keep a civil docket, and to enter therein:

"[Subd.] 8. The judgment rendered by the justice and the time of rendering same.

*    *    *    *    *    *

"[Subd.] 10. The time of issuing execution, to whom directed and delivered, and the amount of debt, damages and costs; and, when any execution is returned, he shall note such return on said docket, with the manner in which it was executed." R.C.S. Article 2382.

Thus the civil docket, which the law requires the justice of the peace to keep, is the proper place for the judgment to be entered and also serves as what we would call the execution docket in the county or district court.

The defendants proved up by the present justice of the peace of Precinct No. 1 of Austin County that he succeeded the justice of the peace who was the incumbent when the judgment was rendered in cause No. 1250. The defendants also proved up that a thorough search had been made by the present incumbent and by defendants' attorney and that nothing could be found except the writings hereinafter referred to. The defendants also proved up that the sheriff who conducted the sale of the property and made the sheriff's deed was long since dead. In a word, the defendants made the proof necessary to introduce secondary evidence.

However, before we take up the secondary evidence, we will refer to the primary proof made by defendants. They proved that cause No. 1250 had been duly docketed on page 33 of Vol. 2 of the civil docket of said court. Defendants' direct evidence further showed that the judgment rendered in cause No. 1250 was typewritten upon a piece of paper, which piece of paper was attached to said page 33 of Vol. 2 of the civil docket of the justice court (being the page upon which the cause had been docketed). The judgment complied with the statutory requirements showing that it had been rendered on April 30, 1932, and rendered for the sum of $73 and

interest at the legal rate and for court costs and ordered execution to issue in terms of the law.

Defendants' proof as heretofore indicated, showed that the original execution could not be found, but defendants introduced into evidence a notation which was in handwriting and was made on the sheet of paper on which the judgment was typewritten, which sheet of paper, as heretofore stated, was attached to the docket sheet, the notation being:

"Execution issued for 73.00 & costs
5.95
————
78.95 & interest to date

"6/8/32

"Returned 6/8/32—the defendant stated that he had no property, nor any interest in any property in Austin County, Texas, George Koy, Sheriff. Alias Execution issued 8/11/32—Dec. 8/32 cost paid in full out of sale of land levied on the 4 day of Oct 1932.

"Land sold for $25.00     Judgment credited with $7.75
"Pd to Dr. Otto J Knolle
"12/8/32"

In handwriting on the reverse side of said typewritten judgment was the following:

"3rd alias execution issued for balance due on said
   judgment              $63.25
"Extra cost J. P.           .90
                          ——————
                          64.15
"Abstract of. judgment    4/18/33
"in the sum of                         $64.15
"J. P. extra Ab of judgment      50      2.30        J P Extra
                                        ——————
                                        66.45
"Alias execution                 90
"   "        "                   90 .
                                ——————
                                2.30      4.15        Sheriff
"Sheriff Extra returned         1.00
"Mileage                        3.15    ——————
                               ——————    70.60
                                4.15                   ”

The defendants actually introduced into evidence the execution which was issued on June 8, 1932, which need not be copied, and also introduced the bill of costs and the sheriff's return.

The defendants also introduced the third execution which showed that the justice issued an alias execution to the sheriff on the 11th day of August, 1932, and that it was returned and showed that the sheriff levied on the land and sold the same, and the disposition made of the proceeds of the sale. The sheriff's deed was also introduced, a copy of which is appended to this opinion.

If the evidence introduced by defendants was admissible, and the court had to consider the same in the absence of the original execution, the court would by said evidence be compelled to find the judgment had been rendered and that the writs issued pursuant thereto had authorized the sheriff to make the sale.

We deem that the judgment attached to the page where the case had been

docketed became an integral part of the civil docket. We think we may take judicial knowledge of the fact that the proceedings in the justice court are informal and that a judgment is frequently typed upon paper and pasted on or otherwise attached to the justice's civil docket, and further that the justice's docket is informally kept. We think that the notations upon the sheet on which the judgment was typed formed a part of the page on which the aforesaid cause was docketed, as do the notations on the reverse side thereof. And we think that same show that an original execution had issued in the case and the date thereof and the return had been made thereon on the same day. We think that the other evidence set out above established the judgment, and that writs had been issued which authorized the sale. As tending to support our conclusions, we cite Bunn v. Mackin Tex.Civ.App., 25 S.W.2d 942 (writ refused); Goggans v. Green, Tex.Civ.App., 165 S.W.2d 928; Tanner v. Grisham, Tex. Civ.App., 289 S.W. 146.

█ To recapitulate, the only facts necessary to be established by the defendants in order to show title in a collateral proceeding of this kind are: (1) a valid judgment, and (2) the authority of the sheriff to sell the land under the judgment.

In a direct proceeding brought to set the sheriff's deed aside, it would doubtless be competent for plaintiffs to show that proper notice of the sheriff's sale had not been given. "Failure to comply with the statute renders the sale irregular and subject to be set aside, although the act is not mandatory in the sense that a sale without compliance is absolutely void. A defective notice or want of publication does not vitiate the title of the purchaser; nor does a mere failure to advertise or an irregularity in the advertisement render the sale void or subject the title of the purchaser to attack in a collateral proceeding." 18 Tex.Jur., page 669 et seq.

It was held in Graves v. Griffin, Tex. Com.App., 228 S.W. 913, 915, that a trespass-to-try-title action was in effect a collateral attack on the judgment, execution and sale, and the court held that unless the sale was absolutely void it could not be so attacked. "The irregularity of the sale of real estate under execution cannot be called in question collaterally. Ayres v. Duprey, 27 Tex. 593, 86 Am.Dec. 657; Boggess v. Howard, 40 Tex. [153] 159; Smith v. Perkins, 81 Tex. [152] 153, 16 S.W. 805, 26 Am.St.Rep. 794."

█ The sheriff's deed here shows that a notice of the sale was posted. In this collateral attack the court should not have permitted the plaintiffs to undertake to prove that a notice of a sale could have been published in Austin County.

The judgment of the trial court is reversed and here rendered.

GANNON, J., not sitting.

APPENDIX

The State of Texas }
County of Austin }

Know all Men by these Presents; That whereas, by virtue of a certain Alias Execution, issued out of the Justice Court, Justice Precinct Number One, Austin County, Texas, in favor of Dr. Otto J. Knolle Vs George Williams on a certain judgment rendered by said court on the 30th day of April, A.D. 1932, and directed and delivered to me, as sheriff of Austin County, Texas, commanding me, of the goods and chattels, lands and tenements of the said George Williams to make certain moneys in said writ mentioned, I, George Koy, sheriff as aforesaid, did upon the 17th day of August, A.D., 1932, levy on the premises hereinafter described as the property of the said defendant and on the First Tuesday in October, A.D. 1932, the same being the 4th day in said month, within the hours prescribed by law, sold said premises at public vendue, in the County of Austin, at the door of the Courthouse thereof, having first given public notice of the time and place of sale, by causing an advertisement thereof to be posted up at three public places in the county aforesaid, one of which was at the Courthouse door of the said

County, for twenty days previous to said sale, and by delivering to the defendant in execution a copy of said notice of sale, (he had no attorney of record); and whereas at the said sale, the said premises were struck off to Dr. Otto J. Knolle for the sum of Twenty Five ($25.00) Dollars, he being the highest bidder therefor, and that being the highest secure bid for the same: Now therefore in consideration and by virtue of the premises aforesaid, and of the payment of the sum of Twenty Five ($25.00) Dollars, the receipt of which is hereby acknowledged, I, George Koy, sheriff as aforesaid, have granted, sold and conveyed, and by these presents do grant, sell and convey unto the said Dr. Otto J. Knolle all the estate, right, title, interest and claim of the said George Williams in and to the following described premises, Viz: All that certain tract or parcel of land situated in Austin County, Texas, out of the upper half of the F. Ernst League of land on the west bank of the west prong of Mill Creek, and being more fully described as follows: Beginning at the S.W. Corner of a tract of land belonging to *Werneke* at a stake on the bank of a branch, from which a Red Elm marked W bears N. 60° W and 1 vara distant, running thence S. 430 W. with the lower boundary line of the Charles Fortran tract of land 1190 varas at a stake in a branch, being the N.W. corner of another piece of land belonging to said Warneke; Thence S. 47° E. with said Warneke survey 250 varas at a stake on the N.E. corner of said Warneke tract of land; Thence N. 43° E. with the upper boundary line of a tract of land belonging to Wm. Bartels 1616 varas to the bank of a branch, being the S.E. corner of the first mentioned tract of land, belonging to Warneke, an ash at the corner is marked X; Thence up with the meanders of this branch to the place of beginning, containing 61 acres of land. The said above described tract of land being the same tract of land conveyed to Wm. Bartels by Otto Stapf and Mary Stapf on September 26th, A.D. 1856, and recorded in Volume I–J pages 577 & 578, Deed Records of Austin County, Texas. Also, together with the above described tract of land the following described tract of land

situated in Austin County, Texas, out of the F. Ernst League on the west bank of the west prong of Mill Creek, and bounded as follows: Beginning at a stake in the S.W. corner of a survey made for Luehrs running thence S. 70° E. with said Luehrs boundary line 57 varas at a stake on the N.W. corner of a survey made for Schiller; Thence S. 43° W. with said Schiller survey 452 varas at a stone on the S.W. corner of said Schiller's survey; Thence N. 47 W. 373 varas at a stake in the S.E. Boundary line of a tract of land belonging to Wm. Bartels; Thence N. 43° E. with said Bartels line 209 varas; Thence S. 72 W. 378 varas; Thence N. 20° E. 80 varas to the place of beginning, containing 19½ acres of land, and being the same land conveyed to Wm. Bartels by Cornelius Gehrels and Annie Marie Gehrels by deed dated February 23rd. A.D. 1856, and recorded in Volume I–J pages 576 & 577, Deed Records of Austin County, Texas. Also, together with the above described two tracts of land, the following described tract of land situated in Austin County, Texas, out of the F. Ernst League, situated on the west side of the west prong of Mill Creek, and being the N.W. half of a 101 acres survey of the Estate of Wm. Bartels, deceased and particularly described as follows: Beginning at a rock in the road from schoneau to Brenham and being the S.W. corner of said 101 acres survey; Thence S. 47 E. 125 varas with said road to a rock the S.E. Corner of Cornelius Gehrels 50½ acres out of said 101 acres survey; Thence N. 43° E. 2308 varas to the west fork of Mill Creek a hackberry tree on the bank is marked G & H W and is a center tree on the division line; Thence up Mill Creek to a large ask and gum tree marked H W. bears S. 46° W. 3 varas distant; Thence S. 43° W. 2343 varas and parallel with line of N. 43° E. to place of beginning, containing 50½ acres of land, and being the same lane conveyed to Hy. C. Gehrels and Mrs. E. Gehrels by deed dated March 23rd. A.D. 1891, and recorded in Volume 11, pages 528 & 529, Deed Records of Austin County, Texas. Also, together with the above three tracts of land, the following described tract of land situated in Austin County,

Texas, and being out of the F. Ernst League of land, the same being bounded as follows: Bounded on the west or (S.W.) by Jos. Vasicek 80 acres; Bounded on the N. or (N.W.) by the 19½ acres tract above described; Bounded on the east or (N.E.) by Franz Polcak's 54.1 acres tract; Bounded on the S. or (S.E.) by S. Garlipp's 60.6 acres tract of land, containing 25 acres of land. Also, together with the above four tracts of land, the following tract of land situated in Austin County, Texas, and being out of the Stephen F. Austin 4 League survey, the same being bounded as follows: Bounded on the west or (S.W.) by land of Edw. Polcak; Bounded on the north or (N.W.) by land of Otto Kautz; Bounded on the east or (N.E.) by land of Otto Kautz; and Louis F. Sonnenberg; Bounded on the south or (S.E.) by land of Louis Sonnenberg and Geo. Bormann. The interest sold being an*d* undivided ⅛ of ½ in the above described five tracts of land, subject to the homestead rights of Anna Williams, mother of George Williams. To have and to hold the above described premises unto the said Dr. Otto J. Knolle, his heirs and assigns, forever, as fully and as absolutely as I, as sheriff as aforesaid can convey by virtue of said writ.

In testimony whereof, I have hereunto set my hand, this the 4th day of October, A.D. 1932.

George Koy<br>Sheriff Austin County, Texas.

The State of Texas |
County of Austin |

Before me, the undersigned authority, on this day personally appeared George Koy, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same, as sheriff of Austin County, Texas, for the purposes and consideration therein expressed and in the capacity therein set forth.

Given under my hand and seal of office, this the 26th day of October, A.D. 1932.

(Seal)        A. J. Laas Notary Public
                Austin County, Texas

Filed for record at 5:20 o'clock P.M. December 10th. 1932. Ed. Batla, Clerk. By Lawrence Dittert, Deputy. Recorded at 11:35 o'clock A.M. December 30th. A.D. 1932.

> Ed. Batla, Clerk, County Court, Austin County, Texas.
> By /s/ Leona Granan, Deputy.