James A. CAMERON, Sr., et ux., Appellants,

v.

Rolf SAATHOFF et al., Appellees.

No. 13703.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 11, 1961.

Rehearing Denied Feb. 8, 1961.

William H. Shireman, Corpus Christi, for appellant.

Frank X. Vance, Hondo, for appellee.

MURRAY, Chief Justice.

This is an appeal from an order of the District Court of Medina County, Texas, refusing to issue to plaintiffs, James A. Cameron and his wife, Lee Cameron, a temporary injunction restraining defendant Rolf Saathoff and the Sheriff of Medina County, Charles J. Hitzfelder, from dispossessing plaintiffs of a farm alleged to be owned by them, consisting of about 528.3 acres of land in Medina County. The trial court first issued a temporary restraining order pending a hearing for a temporary injunction, but after hearing evidence refused to grant the temporary injunction. James A. Cameron, Sr., and his wife have prosecuted this appeal from the order refusing to issue the temporary injunction.

The temporary injunction was related to a trespass to try title suit to recover the 528.3 acres of land, and in a second court, a suit to set aside the sheriff's sale of the said 528.3 acres involved.

The application for the temporary injunction was based upon a contention that the purported sale of the land by the Sheriff of Medina County was void. W. H. Paysinger, Ann H. Paysinger and Louise L. Paysinger procured a judgment in the District Court of Medina County, in cause No. 5090 on that docket, against the Camerons for the total sum of $25,765.90, together with the foreclosure of a vendor's lien against the 528.3 acres of land. Thereafter, on October 28, 1959, an order of sale was issued directed to the Sheriff of Medina County, ordering him to levy upon and sell the 528.3 acres of land in satisfaction of the judgment. The Sheriff, after proper notice, offered the land for sale on January 5, 1960. Francis Richter, Esq., attorney for the Camerons, appeared at such sale and gave some kind of notice that his clients intended to redeem the land. The judgment creditors bid the amount of their judgment, and there were other bidders, but Rolf Saathoff and wife, Evelyn Saathoff, bid $29,100, which was the highest and best bid, and the Sheriff struck off the property to them.

After the sale the judgment creditors and their lawyer, and Rolf Saathoff and the Sheriff, went to the Sheriff's office, and there Saathoff offered to pay the amount of his bid. He told the Sheriff to come with him to the bank and he would give him the money, but the Sheriff said he was not ready to receive the money, that he thought the Camerons might want to redeem the land. The Sheriff testified that he had no doubt but that Saathoff would pay him the money at any time he might ask for it. On another occasion Saathoff tried to pay the money to the Sheriff, but was told to wait and the Sheriff would let him know when he was ready to receive the money. On January 27, 1960, which was the ninety-first day after the order of sale was issued, and one day after the order of sale had become functus officio, the Sheriff telephoned Saathoff and told him that he was ready to receive the money. Saathoff replied that he could come down at once, but the Sheriff told him the next day would do, so the next day Saathoff went down and gave the Sheriff a check for $29,100, which was paid in due course. The Sheriff thereafter executed a deed to Saathoff, and later a writ of possession was issued. When the Sheriff advised the Camerons that he had the writ of possession and was going to dispossess them by force if they did not move out, they gave up and vacated the premises.

Appellants contend that the money not having been paid within the ninety-day period, the sale was not completed, and

was therefore not a legal sale. We are cited to the case of Tanner v. Grisham, 295 S.W. 590, in which the Commission of Appeals in an opinion approved by the Supreme Court, held that paying the amount of the bid on January 25, when the writ was returnable on January 6, was fatal and rendered the sale an incomplete and void sale. The distinction between that case and this one is that here the bidder tendered the money, and kept his tender good until the writ expired, and the only reason the money was not paid was that the Sheriff would not accept it. We feel this distinguishes this case from the Tanner v. Grisham case. Here Saathoff did all he could other than going into court and seeking a mandamus requiring the Sheriff to take the money. Apparently the Sheriff was acting in good faith, but just did not appreciate the necessity of accepting the money before the order of sale expired under its own provisions. When the bidder at a Sheriff's sale tenders the amount of his bid to the Sheriff and keeps such tender good, and it is ultimately accepted by the Sheriff, even though two days after the order of sale had expired by its own terms, the bidder has substantially complied with his bid and is not liable for the penalties provided by the provisions of Rule 652, Texas Rules of Civil Procedure, reading as follows:

"Rule 652. Purchaser Failing to Comply

"If any person shall bid off property at any sale made by virtue of an execution, and shall fail to comply with the terms of the sale, he shall be liable to pay the plaintiff in execution twenty per cent on the value of the property thus bid off, besides costs, to be re-covered on motion, five days notice of such motion being given to such purchaser; and should the property on a second sale bring less than on the former, he shall be liable to pay to the defendant in execution all loss which he sustains thereby, to be recovered on motion as above provided."

Under the circumstances in this case, the bidder has not failed to comply with the terms of the sale, the only trouble is the Sheriff had not done his duty of accepting the money tendered. If the Sheriff fails to accept the money timely tendered by a bidder he might well be liable on his official bond for any loss caused by such conduct, but the bidder should not be penalized for the Sheriff's neglect or failure to accept the money.

When the bidder has tendered the amount of his bid to the Sheriff in due time, there is no necessity for a resale of the property under the provisions of Rule 653. Baker v. Clepper, 26 Tex. 629.

"Rule 653. Resale of Property

"When the terms of the sale shall not be complied with by the bidder the levying officer shall proceed to sell the same property again on the same day, if there be sufficient time; but if not, he shall re-advertise and sell the same as in the first instance."

The trial court did not abuse his discretion in refusing to grant the motion for a temporary injunction. Appellees' motion, No. 20049, to dismiss this appeal as being moot is overruled.

The judgment of the trial court is affirmed.