James A. CAMERON, Sr., et ux., Appellants,

v.

Rolf SAATHOFF, Appellee.

No. 14039.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 12, 1962.

Rehearing Denied Jan. 9, 1963.

Wm. H. Shireman, Corpus Christi, for appellants.

Frank X. Vance, Hondo, for appellee.

BARROW, Justice.

This is an appeal by plaintiffs from an adverse judgment of the 38th Judicial District Court of Medina County, Texas, in a trespass to try title suit involving about 528.3 acres of land in Medina County. This is the second appeal of this case. On the first appeal this Court affirmed the order of the trial court refusing to issue a temporary injunction to restrain defendant and the county sheriff from dispossessing plaintiffs. See, Cameron v. Saathoff, Tex.Civ.App., 342 S.W.2d 470. The Supreme Court granted writ of error and held that the temporary injunction was moot, and declined to pass upon the points decided by this Court, Tex., 345 S.W.2d 281.

The plaintiffs then amended their petition to bring a straight trespass to try title suit, with a prayer for damages for the rental value of said premises. Defendant answered with a plea of "Not Guilty". The case was tried before the court and there were no findings of fact or conclusions of law filed. Plaintiffs make the same contention now as they did in the prior appeal, to-wit, that the purported judicial sale of the land by the sheriff was void for the reason that the defendant did not actually pay his bid until after the order of sale had become functus officio. We are now confronted with an additional proposition in that a straight trespass to try title suit is a col-

lateral attack upon the sheriff's sale. Graves v. Griffin, Tex.Com.App., 228 S.W. 913.

The parties stipulated that the common source of title was W. H. Paysinger, Ann H. Paysinger, Louise L. Paysinger and C. C. Paysinger. Plaintiffs then introduced the following documents in evidence: (1) Certified copy of deed dated June 23, 1955, from common source to plaintiffs, which deed contained a vendor's lien in the principal sum of $30,000.00; (2) Certified copy of judgment in Cause No. 5090, styled W. H. Paysinger et al. v. James A. Cameron, Sr., which judgment ordered a foreclosure on the land in question; (3) Certified copy of the order of sale issued by the district clerk on October 28, 1959, by virtue of the judgment in Cause No. 5090, which required a return within ninety days; (4) Certified copy of the sheriff's deed to defendant as the high bidder in the judicial sale. Evidence was then introduced similar to that set forth in our first opinion, and therefore not fully set forth here. It is sufficient to state that the evidence shows that, following the acceptance of his high bid by the sheriff, Saathoff offered to pay the amount of same. At the request of the sheriff, Saathoff did not make the payment until January 28, 1960, which was the ninety-first day after the issuance of the order of sale.

 On the prior appeal, this Court held that Saathoff did not fail to comply with the terms of the sale, and that the sale was not void. We adhere to that opinion. There is an additional reason, however, why the judgment of the trial court should be affirmed. This was a collateral attack upon the sheriff's sale, and the proceedings are regular upon their face. Therefore, it was not proper to go behind same.

All of the instruments relating to the judgment and sheriff's sale were introduced in evidence. They show that the court had jurisdiction to order the sale and that the Medina County sheriff had jurisdiction to hold same. The return of the order of sale and the sheriff's deed recite proper notice and public sale on January 5, 1960, a time when the sheriff had full authority to act. They further show that defendant made the high bid and paid said sum. These proceedings being regular upon their face, they could not be attacked collaterally. Howard v. North, 5 Tex. 290. See also: Kahn v. Marik, Tex.Civ.App., 286 S.W.2d 639, writ ref., n.r.e.; Burnam v. Blocker, Tex.Civ.App., 247 S.W.2d 432, writ refused; Fink v. White, Tex.Civ.App., 133 S.W.2d 137, writ refused. In Carter v. Munzesheimer, Tex.Civ.App., 272 S.W. 277, no writ history, which is cited by plaintiffs, the sheriff's return recited that the bid had not been paid although the deed recited payment. In view of this conflicting record, the Court of Civil Appeals held that evidence was admissible to explain the conflict. In our case there was no conflict and the proceedings were regular on their face, and could not be attacked collaterally.

The judgment is affirmed.